VICTOR WILSON, ALIAS JAMES H. PARKER v. THE STATE.

No. 11715. Delivered December 12, 1928.

The opinion states the case.

*Dayton Moss* of Fort Worth, *Dave Watson* of San Antonio, and *Shelton & Shelton* of Austin, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

MARTIN, JUDGE.—Offense, robbery with firearms; penalty, five years in the penitentiary.

The evidence shows that on or about the 22nd day of August, 1927, the University Bank in the town of Austin was robbed and property consisting of currency, United States bonds, travelers' checks and street improvement warrants were taken. The indictment alleges that appellant made an assault upon Bruce O'Keefe, Clyde Parrish and J. D. Copeland, Jr., and that the said property was taken "from the possession and person of the said Bruce O'Keefe, Clyde Parrish and J. D. Copeland, Jr."

The appellant presents the point that the Court erred in overruling his motion to put J. D. Copeland, Jr., on the witness stand, especially to prove his want of consent to the taking. Want of consent is not one of the elements of the offense defined by Art. 1408, P. C., for a violation of which appellant was prosecuted and convicted. It was neither necessary to allege nor prove a want of consent. It has been specifically held that the inclusion of the words "without the consent and against the will" of the person robbed does not vitiate the indictment, since the statute does not include such words in the definition of the offense, and may be for that reason rejected as surplusage. Flannagan v. State, 55 Tex. Crim. Rep. 162; Clark v. State, 28 Tex. Crim. Rep. 189; Chancey v. State, 58 Tex. Crim. Rep. 54.

Nor is there any merit in appellant's claim that the proof fails to sustain a joint assault upon the three persons named as alleged in

the indictment. It shows in substance that a pistol was waved and exhibited in the presence of all three and that all three were compelled to lay down while the money was taken.

The claim is further made that the proof shows possession and special ownership of the property taken in O'Keefe and Parrish only, while the indictment alleges such possession and ownership in three, viz, O'Keefe, Parrish and Copeland, which constituted a fatal variance and demanded a peremptory charge to acquit. The allegation of possession and ownership was a material one and proof was necessary to sustain it as laid. Hesley v. State, 87 Tex. Crim. Rep. 447; Guyon v. State, 89 Tex. Crim. Rep. 292; Owens v. State, 28 Tex. Crim. Rep. 123; Pate v. State, 91 Tex. Crim. Rep. 474.

Bill No. 4 presenting this matter is qualified to show that at least an issue was present regarding this and the Court recognized such in his main charge. In view of the disposition we make of this case we desire to say that we think the special charge asked by appellant in substance to the effect that if possession and ownership were believed by the jury to be in O'Keefe and Parrish only to acquit should have been given in lieu of the negative presentation of this matter as contained in the Court's charge.

The claim is made by appellant that the only positive evidence of identification of appellant was given by one Miss Potts, who was in the bank at the time of the robbery. On redirect examination she was permitted to testify over objection that she had looked through and examined some two hundred or more pictures which were shown to her by officers and that in addition thereto she examined two pictures of appellant exhibited by said officers and identified appellant's picture as being one of the men who robbed the bank and whom she saw leaving the bank and entering an automobile. This seems to have been admitted upon the theory that on cross-examination a predicate was laid to impeach her on the question of identity and that her testimony was under attack on cross-examination. Reference is made by the Court in his qualification of the bill presenting this matter to pages 46–47 of the statement of facts to substantiate this theory. It is the well settled rule in Texas that if it has been shown that a witness has made out of court statements contradictory to those testified to on the trial, it is then permissible to prove that such witness has made other statements out of court which are consistent with and confirmatory of his testimony on the trial. Gallaher v. State, 28 Tex. Crim. Rep. 274; Taylor v. State, 87 Tex. Crim. Rep. 330; Branch's P. C., P. 112. However, unless it appears that

a witness has been impeached by proof of statements contradictory to those given by him in evidence, a consistent and confirmatory statement made to a third party out of the presence of appellant is hearsay and inadmissible. Holmes v. State, 52 Tex. Crim. Rep. 352; Pridemore v. State, 53 Tex. Crim. Rep. 623; Pryor v. State, 40 Tex. Crim. Rep. 642. In the instant case the witness was vigorously cross-examined in an effort to show she was mistaken as to her identity but no statements contradictory to those testified to by her had been introduced. The pages of the statement of facts referred to fail to show the existence of facts which would make the aforesaid testimony admissible. That she was able to select appellant's picture from a large number of others and identify him as the robber to officers in the appellant's absence may have been regarded by the jury as of great probative force. It was clearly hearsay, unless it was rendered admissible under the terms of the rule above stated. In some jurisdictions a statement of the character in question does not seem to be admissible under any circumstances. The rule, however, is otherwise in Texas, but we do not feel justified in extending it beyond its present limitations. We think the Court's action in this matter was error under the authorities cited.

Vigorous contention is made of the action of the District Attorney in persistently asking the appellant questions with reference to an alleged hijacking case. As this question is not likely to occur again, we content ourselves merely with directing the trial court's attention to the case of Rosa v. State, 218 S. W. 1056, where the rule upon this subject is announced.

We pretermit discussion of questions not likely to again occur.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.