## Tom Malone v. The State.

No. 23566. Delivered February 5, 1947.

*W. W. Wander,* of Houston, for appellant.

*A. C. Winborn,* Criminal District Attorney, *R. H. Gallier,* Assistant Criminal District Attorney, and *Kellis Daniel* and *E. T. Branch,* Assistant Criminal District Attorneys, all of Houston, and *Ernest S. Goens,* State's Attorney, of Austin, for the State.

HAWKINS, Presiding Judge.

Appellant was convicted for the murder of John Palacios, Jr., and his punishment assessed at 99 years in the penitentiary.

No bills of exception appear in the record; neither do we find any objections to the court's charge.

The State's testimony came mainly from John Palacios, Sr., the father of deceased. In substance it was that the two of them went into a cafe late at night, bought and divided between them a quart of beer, and got two more quarts to take home with them. After father and son left the cafe appellant asked for a drink of their beer. The father opened a bottle and gave appellant a drink. Appellant then accused deceased of having taken appellant's purse containing a dollar. They tried to show appellant that they did not have the purse and all searched for it but it could not be found. It was dark and someone suggested that appellant go to his home, which was near by, and get a flashlight to aid in the search. Appellant left and when he came

back he had a pistol in his hand and his brother Albert was with him. He pushed the pistol into the body of Palacios, Sr. and cursed him. Deceased told appellant that Palacios, Sr. did not have the purse. Appellant then turned upon deceased and began shooting at him. After two or more shots had been fired by appellant deceased clinched with appellant and cut him one or more times. Other shots were fired by appellant, one of which entered deceased's heart, killing him instantly. Appellant testified that when he came back after securing his pistol deceased attacked him with a knife and that he shot in self defense.

Appellant made a statement in which he claimed that his brother Albert had the pistol and did the shooting. Upon the trial he testified that the reason he accused his brother of doing the shooting was because in 1941 he (appellant) had killed a man and had been convicted and given a suspended sentence.

The verdict finds support in the evidence, of which the jury was the exclusive judges.

Appellant filed an amended motion for new trial in which he sets up that since the trial Palacios, Sr. had been arrested upon a complaint charging him with the murder of one Hortense Rodriquez, and that the trial court should take cognizance of this as bearing upon the credibility of Palacios, Sr., and the weight to be given his testimony in the present case. If he killed Rodriquez it apparently had no connection with the present case, and the fact of such killing could be used only as impeaching evidence, which does not warrant the granting of a new trial. It would come under the rule of newly discovered evidence. See cases cited in Note 33 under Art. 753, Vernon's Texas C. C. P., and in Sec. 202, page 129, Branch's Ann. Tex. P. C.

The judgment is affirmed.