CLYDE HARDAWAY V. STATE.

No. 30,035. January 7, 1959.

*David E. Hume,* Eagle Pass, for appellant.

*Leon Douglas,* State's Attorney, Austin, for the state.

DICE, Judge.

Our prior opinion affirming the appellant's conviction is withdrawn.

The conviction is for contributing to the delinquency of a minor; the punishment, a fine of $250.

The unlawful act charged against the appellant in the information was that he wilfully caused Jose Coronado, a male under the age of 17 years, to drink intoxicating liquor.

The sole question presented is the sufficiency of the evidence to sustain the conviction.

The court charged the jury that the minor child, Jose Coronado, was an accomplice witness as a matter of law and instructed them as to the corroboration necessary under the provision of Art. 718, V.A.C.C.P. to convict the appellant upon accomplice testimony.

Jose Coronado, testified that on the date alleged in the information he was 15 years of age and that on the day preceding such date, at his request, the appellant took him from Crystal

City, Texas to Piedras Negras, Mexico where they purchased two bottles of Club 45 Mexican whiskey; that upon returning to Texas one of the bottles of whiskey was confiscated by custom officials because he was a minor after he told them he was 18 years of age; that when they returned to Crystal City appellant gave him the other bottle of whiskey which he opened and drank a portion therefrom the following morning at the junior high school which he attended and where he was arrested by City Marshal English. He further testified that before leaving Crystal City for Mexico the appellant put six bottles of beer in the automobile; that he drank two and the appellant the rest; that when they returned to Crystal City they went to appellant's cafe, got three bottles of beer, drove to a gin where he drank one and the appellant two bottles.

City Marshal J. P. English, upon being called as a witness by the state, testified that on the date alleged, in response to a call, he went to the junior high school in Crystal City where he found a Club 45 Mexican whiskey bottle containing some liquor in a bar ditch and that he later found Jose Coronado north of the school in a drunken condition and arrested him; that within an hour he talked to the appellant and in the conversation the appellant admitted taking Coronado to Mexico, and bringing the whiskey back but stated that "Joe Frank had stolen it from him. That he had not given it to him."

As a witness in his own behalf, appellant admitted taking Coronado with him on the trip to Mexico where they drank some beer and each bought a bottle of whiskey but denied having taken any beer in the automobile or consuming any beer after they returned. He testified that he asked Coronado his age to which he replied, eighteen years old; that he looked like he was older than eighteen, and that when they passed through customs, Coronado told the officials he was eighteen years of age.

We have concluded that the evidence is insufficient to sustain the conviction.

The conviction cannot be sustained upon the testimony of the accomplice witness Coronado as to his drinking the beer which he testified appellant put in the automobile before leaving Crystal City for Mexico and drinking the beer at the gin after their return to Crystal City as there is no other evidence in the record whatsoever corroborating his testimony.

If there was any offense committed in connection with the

drinking of beer by Coronado in the Republic of Mexico it did not occur in Zavala County, Texas, as charged in the complaint and information, and therefore cannot support the conviction.

The only evidence in the record which tends to corroborate Coronado's testimony that appellant gave him the whiskey which he testified he drank is the circumstance of finding the empty whiskey bottle and Coronado in an intoxicated condition. These circumstances are as consistent with Coronado having stolen the whiskey as with the whiskey having been given to him.

The state, having introduced in evidence the exculpatory statement of appellant that Joe Frank (or Jose) Coronado stole the whiskey, and he (appellant) did not give it to him was bound thereby until it was shown to be untrue by other evidence. The only evidence disproving such statement is found in the testimony of Coronado, the accomplice witness.

The conclusion is expressed that the evidence is insufficient to corroborate the testimony of the accomplice witness or to sustain the conviction.

Appellant's motion for rehearing is granted, the order of affirmance is set aside and the judgment is reversed and the cause remanded.

Opinion approved by the Court.