JACK LEE STEESE V. STATE

No. 32,233.   November 16, 1960

*J. Lawton Stone* (Court Appointed Attorney) San Antonio, for appellant.

*Charles J. Lieck, Jr.,* Criminal District Attorney, *James E. Barlow, Harry A. Nass, Jr.,* Assistants Criminal District Attorney, San Antonio, and *Leon Douglas,* State's Attorney, Austin, for the state.

DICE, Judge.

The conviction is for robbery by assault with two prior con-

victions for felonies less than capital alleged for enhancement; the punishment, life imprisonment.

The state moves to dismiss the appeal because of the appellant's escape from custody pending the appeal. It is shown by the affidavit of Sheriff Owen Kilday of Bexar County that on August 29, 1960, appellant escaped from custody but was recaptured by the officers on August 30, 1960, and is now confined in the Bexar County jail. Under the discretion vested in this court by Article 824, V.A.C.C.P., where punishment of life imprisonment is assessed and the defendant is recaptured within thirty days after escape, we overrule the motion to dismiss the appeal.

The prosecuting witness, Estal Talmage Parker, who was a service station attendant at a station located on Loop 13 on Highway 181 South in Bexar County, testified that on the night in question a man drove into the station in a black and white Pontiac automobile around 3:30 A.M., stuck a gun out of the car window and asked the witness if he could "fill that sack with the money without him killing me"; that he told the man "Yes Sir" whereupon the man handed him a sack. The witness stated that he then placed approximately $41 in the sack and gave the sack and money to the man because he was afraid of him. Appellant was positively identified at the trial by the witness as the man who assaulted and robbed him of the money on the night in question.

Appellant's written confession made to Officer Zunker following his arrest was introduced into evidence by the state in which he admitted assaulting the injured party and robbing him of approximately $41 on the night in question.

Proof was made by the state of the two prior alleged convictions.

Testifying as a witness in his own behalf, appellant admitted the two prior convictions alleged in the indictment but denied that he assaulted and robbed the injured party. Appellant also repudiated that portion of his written confession in which he admitted having committed the robbery and stated that on the night in question he went to the service station and that the injured party gave him $20 to frame the robbery.

The jury chose to accept the testimony of the state's witness and reject that of the appellant, and we find the evidence sufficient to sustain its verdict.

Appellant's first contention is that the court erred in overruling his amended motion for new trial based upon newly discovered evidence.

In the motion appellant alleged that since the trial he had discovered evidence that: (1) the state's witness, Estal Parker, had a prior criminal record in that he had been arrested on several occasions and was charged by complaint before a grand jury in the year 1955 for the felony offense of theft by bailee; (2) that the state's witness, Estal Parker, was committed in the year 1956 to the State Hospital in San Antonio as a mentally ill person; and, (3) that appellant had learned the whereabouts of a witness, Jerry Ellison, who upon another trial would testify that the state's witness, Estal Parker, contrary to his testimony upon the trial, did in fact know the appellant.

At the hearing evidence was offered by appellant in support of the motion and it was shown that in the year 1956 the state's witness, Estal Parker, was committed by the county judge of Bexar County to the San Antonio State Hospital for treatment as a mentally ill person for a period not to exceed ninety (90) days and that he was released from the hospital after such period of time. Medical testimony was offered by the state that the witness was mentally competent and of sound mind on the date the offense was committed and up to the time of the hearing.

We find no error in the court's refusal to grant a new trial.

The order committing the state's witness, Estal Parker, to the hospital for treatment as a mentally ill person for a period not to exceed 90 days did not, under the provisions of Article 5547-83, V.R.C.S., and under the former law, Article 3193, V.R.C.S., repealed, Acts 1957, 55th Legislature, Ch. 243, par. 103, p. 505, constitute a determination of his mental competency.

Evidence that the prosecuting witness had been arrested and charged by complaint with the offense of theft by bailee would merely impeach him as a witness. The discovery of such evidence would not require the granting of a new trial. Malone v. State, 150 Tex. Cr. R. 154, 199 S. W. 2d 176. Furthermore, evidence of prior arrests of the witness and a complaint having been filed against him which did not result in a final conviction would not under the provisions of Article 732a, V.A.C.C.P., be admissible to impeach him. Hunter v. State, 167 Tex. Cr. R. 160, 324 S.W. 2d 17.

The testimony of the witness Ellison would have only tended to impeach that of the prosecuting witness and would not require that the court grant a new trial. Lurie v. State, 162 Tex. Cr. R. 604, 288 S. W. 2d 505.

By informal bills of exception numbers 2 and 3, appellant complains of the court's refusal to grant a mistrial after state's counsel asked the prosecuting witness, Parker, on re-direct examination. "Q. Did anyone tell you what would happen to you if you came down here and testified against Jack Steese?" to which the witness answered, "Yes Sir." The bills reflect that appellant made no objection to the question until after it was asked and answered by the witness, assigned no reason for his delay and did not request the court to withdraw the objectionable question and answer from the jury's consideration. The bills show, however, that the court sustained appellant's objection to the question and instructed the jury not to consider it for any purpose. The bills do not present reversible error. James v. State, 169 Tex. Cr. R. 521, 335 S.W. 2d 603.

Informal bill of exception No. 4 presents appellant's complaint to the court's refusal to permit appellant to impeach the prosecuting witness, Estal Parker, after he had testified as a witness for the state and was thereafter called as a witness by the appellant. Appellant first complains of the court's action in sustaining the state's objection to a question propounded to the witness by appellant with reference to whether he had made a certain statement to persons connected with an oil company. The bill does not show what the answer of the witness would have been and is therefore deficient and presents nothing for review. Mays v. State, 165 Tex. Cr. R. 123, 304 S. W. 2d 118. Appellant next complains of the court's refusal to permit him to impeach the witness by offering testimony before the jury that the witness' general reputation for truth and veracity was bad. The bill reflects, and the trial court so certifies, that appellant called the witness as his own witness without any qualification or limitation. Under such circumstances, the witness became appellant's own witness and appellant could not impeach him by proving his bad character. Article 732, V.A.C.C.P. The record further reflects that the two witnesses offered by appellant to attest the bad reputation of the witness would have testified that they had not heard such reputation discussed. The witnesses were not shown to be qualified to express an opinion that the reputation of the prosecuting witness was bad. Weatherall v. State, 159 Tex. Cr. R. 415, 264 S. W. 2d 429. We find no error in the bill.

Informal bill of exception No. 5 presents appellant's conten-

tion that the court committed reversible error in ruling upon the admissibility of certain evidence by commenting upon the weight of the same, in violation of Article 707, V.A.C.C.P. The bill reflects that appellant made no objection to the comment of the court of which he now complains. No error is presented by the bill. Newton v. State, 150 Tex. Cr. R. 500, 202 S. W. 2d 921.

We overrule appellant's remaining contention, as presented by informal Bill of Exception No. 6, that the court erred in refusing to grant a mistrial after a pistol was brought into the courtroom which the record shows the appellant told the officers he used in committing the robbery and which was recovered from his trailer. The record shows that the pistol was not admitted into evidence and the jury was instructed by the court to disregard the fact that they may have seen the pistol in the courtroom.

The judgment is affirmed.

Opinion approved by the Court.