Jesse **HUERTA**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 38234.

Court of Criminal Appeals of Texas.

May 26, 1965.

T. P. Henley, Jack Paul Leon, San Antonio, for appellant.

James E. Barlow, Dist. Atty., Raymond A. Wietzel and Rudolph Georges, Asst. Dist. Attys., San Antonio, and Leon B. Douglas, State's Atty., Austin, for the State.

MORRISON, Judge.

The offense is the possession of heroin with two prior non-capital felony convictions alleged for enhancement; the punishment, life.

The prior convictions were stipulated, and no proof thereof was made before the jury as has been approved by this Court in Pitcock v. State, Tex.Cr.App., 367 S.W.2d 864; Ex Parte Reyes, Tex.Cr.App., 383 S.W.2d 804; McDonald v. State, Tex.Cr. App., 385 S.W.2d 253; Crocker v. State, Tex.Cr.App., 385 S.W.2d 392; and Buhl v. State, Tex.Cr.App., 387 S.W.2d 677.

Narcotic Agent Staton of the Texas Department of Public Safety stationed in Arlington, but working undercover in San Antonio, testified that a few days prior to the day in question he met appellant, who was going under the name of "Chewy Flat", that on May 7, at approximately 1:30 p. m. he was parked at a certain location in the city when appellant approached him and asked if he was the one who "wanted the gram of stuff". When Staton answered in the affirmative, appellant asked where Joe was, and Staton replied that Joe had gone to call him, and appellant replied, "I have already talked to Joe." At about that time, Joe, who was an informer working with Staton, returned, and appellant handed Joe a finger stall. Staton took it from Joe's hand saying that it was his stuff and then paid appellant $45.00. Appellant was not arrested until May 20, because Staton's undercover assignment in San Antonio was not complete. On the same afternoon Staton identified appellant's picture in the possession of the San Antonio Police; it was stipulated that it was appellant's picture and that he had been called "Chewy Flat."

The chain of custody was established, and by expert testimony it was shown that the finger stall contained sufficient heroin to make 10 to 15 number five capsules.

Appellant did not testify, but called his employers who established by a time sheet that he had reported to work at 3:57 p. m. that afternoon.

Appellant called his common-law wife, who detailed their movements and established a complete alibi for him. Appellant's mother testified that appellant, his wife and child left her home at 1:30. It was shown that her home was not a great distance from the point where Staton testified he met appellant.

■ The jury chose to accept Staton's testimony and reject appellant's alibi, and we find the evidence sufficient to sustain the conviction.

■ Appellant's contention that the evidence was insufficient to support the conviction because the State's witness, Officer Staton, was an accomplice witness and was not corroborated as to delivery of the heroin was overruled by this Court in Sutton v. State, 170 Tex.Cr.R. 617, 343 S.W.2d 452, and Alexander v. State, 168 Tex.Cr.R. 288, 325 S.W.2d 139.

■ He further contends that the evidence is insufficient to support the conviction because the appellant was merely an accommodation possessor for the benefit of the purchaser, Staton. Reliance is had upon Durham v. State, 162 Tex.Cr.R. 25, 280 S.W.2d 737. The distinction is quite apparent. In Durham the evidence showed that the accused paid $6.00 for the narcotics and delivered it to the State's witness and received $6.00 from him, and it was not shown that the accused was in any way interested in behalf of the seller. In the case at bar the record is silent as to where or from whom appellant secured the heroin which he sold to Staton for $45.00. We overrule appellant's contention that his possession of the heroin was only fleeting. The record does not show when or where he acquired the same, but he did have it in his possession when he approached Staton's automobile and asked him if he wanted it.

■ The Court did not err in admitting the picture of appellant which had been shown to Staton in his motel room on the afternoon of the day in question. All identification marks were removed, and, as far as the jury were able to determine, it might have been taken in a penny arcade.

■ Complaint is made of a portion of Staton's testimony in which he stated that Joe Nino told him prior to his meeting with appellant that he was going to call appellant. The objection to such testimony was sustained, and the jury were instructed not to consider the same. This hearsay was nullified when Staton later testified that appellant asked where Joe was, and Staton told him he had gone to call appellant, and appellant acknowledged receipt of the call.

■ On the question of the jury misconduct alleged in appellant's motion for new trial, we have here a novel situation. The trial was on October 26, and attached to the appellant's amended motion for new trial are two affidavits of a private investigator dated November 4. The affiant recites therein that he accompanied appellant's attorney to the home of Mr. Cruz Flores, who had served on the jury, and inquired of him about what was said among the jurors during their deliberations. He stated that Mr. Flores told him that the jury had discussed appellant's failure to testify in his own behalf and several other things of lesser importance and concluded with the recitation that he asked Mr. Flores to give him a written statement to that effect and that Flores declined to do so. Attached to the State's answer to such motion is an affidavit of Mr. Flores dated December 1, made before a representative of the State, in which he swears that he did not tell the investigator there was a discussion concerning appellant's failure to testify and that none had occurred.

At the hearing on the motion Mr. Flores was called as a witness by appellant. He denied the truthfulness of the investigator's affidavit and reiterated that there was no discussion by the jury of appellant's failure to testify. Appellant also called juror Alexander Flores and juror Jimenez and was able to elicit nothing from them in aid of his motion. He then called the investigator, and he reaffirmed that his affidavit reflected the truth as to his conversation with Mr. Cruz Flores. No one else was called to testify. We find no abuse of discretion in the court's action in overruling the motion.

Finding no reversible error, the judgment is affirmed.