Robert Edward REYNOLDS, Jr., Appellant,

v.

The STATE of Texas, Appellee.

No. 39043.

Court of Criminal Appeals of Texas.

Jan. 19, 1966.

Rehearing Denied March 16, 1966.

Second Motion for Rehearing Denied
April 20, 1966.

Paul Leech, Grand Prairie, O. M. Street, Dallas, Farmer, Maddin & Walker, by Burney Walker, Waco (on appeal only), for appellant.

Henry Wade, Dist. Atty., John Nelms, Kenneth Blassingame and W. John Allison, Jr., Asst. Dist. Attys., Dallas, and Leon B. Douglas, State's Atty., Austin, for the State.

MORRISON, Judge.

The offense is felony theft; the punishment, three years.

The witnesses Mrs. McGrede, and Mr. and Mrs. Clayton, all three of whom were employees of Skillman's Jewelry in Dallas, testified with only minute variations that appellant came into the store on one or more occasions shortly prior to Christmas in 1963, and looked at some rather large diamond rings, and that on December 23, at approximately 8:00 p. m., as they were preparing to close the store, he again came in and asked to see the rings, placed them on the little finger of his right hand as if to view them together and, at this juncture, wheeled and ran out of the front door carrying the rings with him. On December 12, 1964, appellant was apprehended in Oklahoma City and returned to Dallas for trial.

Appellant, testifying in his own behalf, denied the theft and stated that on the date in question he was in Pensacola, Florida, where he had gone to play a game of golf, on which he had bet some money. He was unable to remember the name of the man with whom he played and produced no further proof in support of his defense of alibi. He also called his cousin and his aunt, who testified that he had some ten years before worked in a grocery store in the neighborhood of the jewelry store and had been a customer of the store some five years prior to the date of the offense. This testimony was evidently offered to rebut the testimony of the three employees that they did not remember seeing the appellant prior to the week before Christmas in 1963.

The jury resolved the issue of appellant's defense of alibi against him, and we find the evidence sufficient to support the conviction.

Appellant's counsel on appeal by brief and in argument raise the following questions. It is first contended that the court erred in permitting the State to bolster the testimony of the witness McGrede by showing that she had identified appellant's picture in the possession of the police in May of 1964, and in permitting the police officer to corroborate her testimony in this regard. Were these the facts, a serious question might appear. Lucas v. State, 160 Tex.Cr.R. 443, 271 S.W.2d 821. However, we shall demonstrate how the evidence was developed. In their direct examination of Mrs. McGrede no mention was made of the May identification of appellant's picture by the witness. After twenty-five pages of vigorous cross examination of the witness in an effort to shake her testimony as to appellant's identity, she was asked by appellant's trial counsel if the police ever showed her any pictures of appellant, and she replied that they had done so in May and that it was Officer Noble who had shown her the pictures. After having developed such evidence on cross examination, appellant is in no position to claim that the court erred as in Wilson v. State, 111 Tex.Cr.R. 134, 11 S.W.2d 803, upon which he relies.

Appellant's next contention is that the value of the rings was not properly proven. Two women, one with ten years and the other with six years experience in

the retail jewelry business, testified as to the value of each of the rings taken. Though the prosecutor seemed to have difficulty in propounding the proper question, we do find that he finally established the fair market value of the rings on the day they were stolen to be far in excess of the necessary fifty dollars required to make the theft a felony.

■ We find no merit in appellant's contention that he was injured by proof that he was arrested by the Dallas officers while he was confined in an Oklahoma jail, as no objection was interposed at the time such testimony was introduced. We further find no merit in appellant's allegation that certain rulings of the trial court constituted comments in violation of Art. 707, Vernon's Ann.C.C.P.

Finding no reversible error, the judgment is affirmed.

## ON APPELLANT'S MOTION FOR REHEARING

BELCHER, Commissioner.

It is again strenuously insisted that there was no legal evidence introduced showing the reasonable cash market value of the rings in the community where they were taken.

■ The testimony of one of the sales ladies was that the fair market value of one ring was $260, another was $275, and the third was $700. The testimony of the other sales lady was substantially the same. In the light of our opinion in Morris v. State, 368 S.W.2d 615, we remain convinced that the testimony of the sales ladies was competent and the evidence sufficiently shows the value of the rings to be in excess of fifty dollars.

The motion is overruled.

Opinion approved by the Court.