**Joe Lynn HARLAN, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 40430.**

Court of Criminal Appeals of Texas.

June 7, 1967.

Rehearing Denied July 19, 1967.

Norman Kinne, Dallas (On Appeal Only), for appellant.

Henry Wade, Dist. Atty., Curtis Glover, Kerry P. FitzGerald, Asst. Dist. Attys., Dallas, and Leon B. Douglas, State's Atty., Austin, for the State.

OPINION

ONION, Judge.

The offense is Robbery by Assault with Firearms; the punishment, assessed by the jury at seventy-five (75) years confinement in the Texas Department of Corrections.

All of appellant's grounds of error relate to the admission into evidence of a photograph of appellant, over objection, bearing the markings "Dallas Police, 56176 12–7–64."

Appellant first contends that there was no basis for admitting said photograph into evidence.

The record reveals that Clinton O. Nelson, the manager of a Seven-Eleven Ice House in the City of Dallas, identified the appellant in the courtroom as the man who robbed him at gunpoint at the icehouse on August 4, 1965. On such direct examination, no mention was made of any other occasion when Nelson identified the appellant. On cross-examination, the complaining witness's identification of appellant was vigorously attacked. It was elicited from such witness that he had been shown "mug shots" of the appellant.

On re-direct examination, Nelson was shown State's Exhibit No. One and identified it as the "mug shot" of the appellant shown to him at the police station. Said exhibit was then admitted into evidence over the appellant's objection.

In Alejandro v. State, Tex.Cr.App., 394 S.W.2d 523, this Court, when confronted with a similar contention as here made, said:

"The record reflects that the photograph was not admitted into evidence until after the appellant, on cross-examination of the prosecuting witness, had gone into the details of his identification of the guilty party from the photograph. Under the record the photograph was admissible on the issue of appellant's identity and the court did not err in admitting it in evidence."

After having developed such evidence on cross-examination, appellant is in no position to claim the Court erred in admitting State's Exhibit No. One. Reynolds v. State, Tex.Cr.App., 401 S.W.2d 249.

Appellant's first ground of error is overruled.

Appellant next contends that the trial court erred in admitting into evidence State's Exhibit No. One after the State had withdrawn its offer of such exhibit.

The record is not as clear as it could be and demonstrates a common fault of trial lawyers who sometimes forget that a record is being made, and refer to questions, answers, objections, exhibits, etc., as "this", "that", "there", or "it" without further designation.

A close reading of the disputed record, however, convinces us that the withdrawal of the offer by the State was of a previous question asked to which appellant's objection was sustained rather than the withdrawal of the offer of State's Exhibit No. One. This construction is reinforced by the fact that immediately after the alleged withdrawal, the prosecutor handed State's Exhibit No. One to appellant's counsel for examination, and thereafter, the only objection to the introduction of said exhibit was that it was "inflammatory". At the time appellant did not direct the Court's attention to any claim that the State had withdrawn its offer.

We find no merit in appellant's second ground of error.

It would have been preferable if the police identification marks had been removed from State's Exhibit No. One before introduction as was done in Huerta v. State, Tex.Cr.App., 390 S.W.2d 770. In view of the above mentioned testimony and the absence of any such request by appellant, no error is presented.

Appellant's last contention is that the trial court's admission into evidence of State's Exhibit No. One amounted to a comment on the weight and probative value of the evidence. He relies upon Article 38.05, Vernon's Ann.C.C.P.

 In admitting State's Exhibit No. One into evidence, the trial judge merely said: "The court overrules your objection to it. It will be admitted."

Appellant admits that the Court did not comment directly upon the weight or probative value of the exhibit, but insists that under the circumstances of the case, including his claim that the State withdrew its offer of the exhibit, that the exhibit was given to the jury as evidence upon the Court's own motion. He suggests that the exhibit should have been properly marked "Court's Exhibit No. One for the prosecution."

Under the record, we cannot conclude that the trial court's action in any way constituted a comment on the weight or probative value of the exhibit. See Steese v. State, 170 Tex.Cr.R. 269, 340 S.W.2d 49.

The judgment is affirmed.