**Jefferson Davis HAWKINS, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 42355.**

Court of Criminal Appeals of Texas.

Nov. 12, 1969.

Rehearing Denied Dec. 17, 1969.

E. Brice Cunningham and Levi Curl, Dallas, on appeal only, for appellant.

Henry Wade, Dist. Atty., John Tolle, Camille Elliott and Jim Finstrom, Asst. Dist. Attys., Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

MORRISON, Judge.

The offense is robbery with firearms; the punishment, 25 years.

The complaining witness in this case was in a motel room with his fiancee about 4:15 a. m. on October 1, 1967, when the appellant entered the room holding a pistol. Both the witness and his fiancee were undressed. The appellant instructed the witness' fiancee to get dressed and come with him. He then took the witness' pants,

and his fiancee's purse which contained the witness' billfold in which there was between $50 and $56. The intruder then took the witness' fiancee to a parked car in which there was another man waiting. The witness' fiancee was then taken to a residence of the other man where she was held against her will and subsequently released.

Appellant first contends that the trial judge abused his discretion in not discharging the jury on his own motion, after the jury foreman informed the trial judge that the jury could not reach an agreement after some two hours of deliberation. The appellant made no motion to discharge the jury and cites no authority to support his contention. We find no error. Glasser v. State, 90 Tex.Cr.R. 116, 233 S.W. 969.

Appellant next contends that there was a fatal variance between the allegations in the indictment and the evidence adduced upon the trial of this case in that the indictment alleges that the sum of $50 was taken from the person and possession of complaining witness, when his billfold containing the money was in the purse taken from the person and possession of his fiancee.

Appellant relies on Wilson v. State, 111 Tex.Cr.R. 134, 11 S.W.2d 803. In that case the indictment simply alleged more than was needed for a conviction and is not controlling here. [The other cases relied on by appellant concerned situations where the indictment failed to specify the true owner of the property taken.] There is no conflict between those cases and the one at bar, and they have no application here. We adhere to our holding in Keppler v. State, 133 Tex.Cr.R. 623, 113 S.W.2d 900, where we said that:

"William Sloan and Earl Coker were in joint control and possession of such property, and the allegation of ownership and possession could have been made in the name of either one of said parties."

Under the peculiar circumstances in this case, the appellant still exercised control and possession over the money although it was temporarily in his fiancee's purse.

Appellant also challenges the sufficiency of the evidence. The appellant was positively identified by the witness and his fiancee as the person who robbed them and abducted the witness' fiancee. The witness was twenty-four years old and had known appellant since grade school.

Although the witness' fiancee testified that she had never seen the appellant until the night of the robbery, she had ample time to become familiar with him since she was abducted by appellant and forced to go with him for some length of time. It was shown that the appellant forced the witness' fiancee into a blue and white Chevrolet automobile with a bullet hole in the righthand windshield. This automobile was later identified by the witness' fiancee at a local nightclub where the appellant was then arrested. We hold that the evidence was sufficient to uphold the conviction.

Appellant alleges in his pro se brief that he was never shown any warrant for his arrest and was shown to the complaining witness through police line ups before ever being taken to a magistrate. There was no evidence produced at the trial that would support these allegations.

We find no merit in appellant's last ground of error that he had inadequate counsel. Garcia v. State, Tex.Cr.App., 436 S.W.2d 911; Johnson v. State, Tex.Cr.App., 421 S.W.2d 918; Fletcher v. State, Tex.Cr.App., 396 S.W.2d 393.

Finding no reversible error, the judgment is affirmed.