Kevin Hargis RICHARDSON, Appellant,

v.

The STATE of Texas, Appellee.

No. 51386.

Court of Criminal Appeals of Texas.

April 20, 1976.

Rehearing Denied May 19, 1976.

Anthony Nicholas & Terrence McDonald, San Antonio, for appellant.

Ted Butler, Dist. Atty., John William Harris, Jr., Sharon Macrae and Susan Spruce, Asst. Dist. Attys., San Antonio, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

ODOM, Judge.

This appeal is from a conviction for delivery of marihuana. Punishment was assessed at five years.

Appellant contends that the trial court erred in overruling his objection and admitting into evidence a police photograph or "mug shot" of him that was taken on October 22, 1973, or approximately five months before the instant offense was allegedly committed.

Appellant contends the photograph was inadmissible for two reasons. First,

the contention that it was not relevant to any issue in the case is without merit. An issue was raised at trial as to the identification of appellant by the undercover police officer who testified against him. Appellant's principal defense was an attack upon the description and in-court identification provided by the officer. The defense included the presentation of several witnesses who testified that appellant had never had shoulder length hair, contrary to the officer's testimony.

One such witness was Judge Carolyn Spears. She testified that while in private practice she had occasion to provide legal representation for appellant, dating from October, 1973, to March, 1974, and he never had shoulder length hair during that period.

The State offered in rebuttal the photograph in question. To the extent that it showed appellant with shoulder length or near shoulder length hair and was taken during the time period in question, it was within the discretion of the trial court to admit it into evidence.

■ The second objection to the photograph is that it depicts a side and frontal view of appellant and upon his chest in the frontal view appears a sign containing the following notations:

"SAN ANTONIO PD
P7302316
10–22 73
7–15 AM"

The picture was first shown to the witness Spears. She stated that it accurately depicted appellant's appearance in October of 1973. The State then proposed to show the photograph to the jury. Appellant objected and the jury was excused while the question of admissibility was discussed.

The trial judge first properly stated that "The issue has been made on what he looked like in '73 and I think the photograph is admissible against him." The judge also recognized, however, that "he is entitled to have the fact that the San Antonio Police Department took it taken off of it, and the fact that they had some kind of

case taken off of it." He then inquired of defense counsel as follows:

"THE COURT: What is your objection to it, specifically?

"MR. BEANLAND [defense attorney]: The objection is on the same grounds, that it is inadmissible to have this arrangement on his chest.

"THE COURT: Then I will take that off. That is what I propose to do.

"MR. BEANLAND: But, that does not cure the problem, unless we can at least sever these [side and frontal views].

"THE COURT: How are they going to establish the date it was taken? The little arrangement on the chest shows the date.

"MR. KENNEDY [an attorney]: Let Counsel bring in the photographer and prove it up. That is the normal way photographs are proved.

"THE COURT: Well, of course—Let me see it.

"MR. HARRIS [prosecutor]: I have proved that that is the way he looked in October of '73, through the witness. And whether that sign is there or not, I don't care.

"THE COURT: Well, the sign doesn't say anything. She testified that is the way he looked in '73. All right. The objection is overruled. The item is admitted in evidence.

"MR. BEANLAND: With that cut off the chest?

"THE COURT: No, sir; with that on there. There is no way that I can keep a mug-shot from looking like a mug-shot. I can cut them in two and trim it, but a mug-shot looks like a mug-shot. It doesn't say anything on there and that is the way the police put the date on the front of the man when they take his picture. That is part of the picture. So, I don't—I am willing to take off the fact that it shows that the police took the photograph of him.

"MR. BEANLAND: Okay.

"THE COURT: He has to be under arrest, and the logical conclusion is that he is under arrest when they take that

picture. They don't just grab everybody and take their picture. I am willing to cut that off of it because I think that is prejudicial. But, how do you establish the date of the photograph?

"MR. BEANLAND: I am not offering it in evidence.

"THE COURT: Well, then, your objection is overruled. It is admitted in evidence, in toto.

"MR. BEANLAND: We except to that.

"THE COURT: All right."

The trial judge accurately stated the nature of the prejudice inherent in introduction of the unexcised photograph; it tended to show the commission of an extraneous offense and, therefore, to infringe appellant's fundamental right to the presumption of innocence, totally without necessity or justification. No other witness testified at this stage of trial that appellant had ever committed or been accused of committing any offense other than that for which he was on trial. The unexcised photograph, however, tended to accomplish precisely that purpose and was therefore inflammatory and prejudicial.

In *Huerta v. State*, 390 S.W.2d 770, 772, this Court stated the reason why the introduction of a mug shot was not error in that case. "All identification marks were removed, and, as far as the jury were able to determine, it might have been taken in a penny arcade."

In *George v. State*, Tex.Cr.App., 498 S.W.2d 202, and *Harlan v. State*, Tex.Cr. App., 416 S.W.2d 422, the judgments were affirmed because, among other reasons, proper objections were not made.

In the instant case, appellant properly objected and the trial court erred in overruling that objection.

The judgment is reversed and the cause remanded.