Joe REYES, Appellant,

v.

The STATE of Texas, Appellee.

No. 56724.

Court of Criminal Appeals of Texas,
Panel No. 1.

April 25, 1979.

Douglas H. Parks, Dallas, for appellant.

Henry M. Wade, Dist. Atty., J. T. Langford, Kelly Loving and Jayne Wilson, Asst. Dist. Attys., Dallas, Robert Huttash, State's Atty., Austin, for the State.

Before ONION, P. J., and ROBERTS and W. C. DAVIS, JJ.

## OPINION

ROBERTS, Judge.

This is an appeal from a conviction for burglary of a building. The jury, having found the appellant guilty, further found that he had been twice previously convicted of a felony offense. Accordingly, punishment was assessed by the court at life imprisonment. See V.T.C.A., Penal Code, Section 12.42(d).

In a single ground of error, the appellant complains that the court erroneously admitted into evidence over his timely objection a police photograph taken of him on the date of the offense. We affirm.

On September 6, 1976, at approximately 3:30 a. m., Dallas police officer Elton Williams, along with several other Dallas police officers, responded to a silent burglar alarm signal emanating from the Tex Mex Lounge in Dallas. Williams apprehended the appellant as the latter kicked down the establishment's front door from the inside and attempted to flee. At the time he was caught, appellant attempted to conceal a screwdriver. His confederate was found inside the establishment with a large amount of loose change on his person; several of the coin operated machines inside the establishment were found burglarized. A close inspection of the premises revealed that an air conditioner had been removed from the wall and that entry was gained through this space.

Tim Martinez, the owner and proprietor of the Tex Mex Lounge, testified that at the time in question the establishment was closed to the public and that the appellant did not have his permission to enter. Suffice it to say that the evidence of appellant's guilt was overwhelming.

The appellant contends that by admitting his "mug shot" into evidence, he was labeled "as a criminal in the minds of the jury without his being convicted on the merits of the case." We disagree. The photograph of appellant was taken immediately subsequent to his arrest for the present offense and was introduced by the State as rebuttal evidence on the issue of whether or not appellant was physically mistreated or abused by the police at the time of arrest. The photograph depicts a side and frontal

view of appellant and upon his chest in the frontal view appears a sign containing the following notations:

"POLICE
"DALLAS
"TEXAS
"161215
"6 Sep. 76"

Appellant relies on *Richardson v. State*, 536 S.W.2d 221 (Tex.Cr.App.1976) as authority for his contention. Unlike the present case, in *Richardson* the mug shot of the defendant which was admitted into evidence was taken five months prior to the commission of the offense for which the defendant was being tried. We held that the mug shot of Richardson, which contained essentially the same police identification markings as the mug shot of appellant in the present case, was improperly admitted into evidence so as to require reversal. In the present case, however, the complained of photograph was taken of appellant as a result of his being arrested for the present offense and in no way suggested that appellant had had previous encounters with the Dallas police.

We conclude that the "mug shot" taken of appellant immediately subsequent to his arrest for the present offense and admitted as rebuttal evidence on an issue raised by the appellant (that the police had physically abused him) was properly admitted into evidence, although the better practice would dictate removal of the police identification marks before the photograph is introduced before the jury. *Richardson v. State*, supra; *Harlan v. State*, 416 S.W.2d 422 (Tex. Cr.App.1967). Appellant's contention is overruled.

We have considered the contentions set forth in appellant's pro se brief and find them to be without merit.

The judgment is affirmed.