Emeterio HINOJOSA, Appellant,

v.

STATE of Texas, Appellee.

No. 13–82–255–CR.

Court of Appeals of Texas,
Corpus Christi.

Oct. 20, 1983.

Rehearing Denied Nov. 10, 1983.

James Lawrence and Robert N. Carnahan, Corpus Christi, for appellant.

Grant Jones, Dist. Atty., Corpus Christi, for appellee.

Before NYE, C.J., and YOUNG and KENNEDY, JJ.

## OPINION

NYE, Chief Justice.

This is an appeal from a conviction of aggravated robbery. After trial by jury and a finding of guilty, the court assessed punishment at 25 years in the Texas Department of Corrections.

The evidence shows that on November 14, 1981, two men entered the home of Douglas Meissner and robbed him and his wife. Mr. Meissner testified that just after 7:00 p.m. two men came to the front door of his home and inquired about the possibility of renting an apartment. Meissner explained that apartment rentals were handled through his business office and that the two should contact his secretary. As Meissner went to get a business card for the apartment seekers, he heard the front door open. The two men entered, pointed a gun at Mr. Meissner, and ordered him to lie on the floor. One of the men found Mrs. Meissner in another room and forced her and the couple's one-year-old child to lie on the floor with Mr. Meissner.

The appellant then pointed a gun at Mr. Meissner's head and demanded to know where the cocaine was. Having been told that there was no cocaine, appellant and his companion took Mr. Meissner's watch and wallet and his wife's jewelry. The robbers remained in the Meissner's house between forty-five and sixty minutes before they left.

Two briefs have been filed in appellant's behalf, one by counsel and one pro se. In his first ground of error argued by his attorney, appellant contends that the trial court erred in overruling his motion to suppress identification because a pretrial photographic line-up was impermissibly suggestive. Prior to trial, Mr. and Mrs. Meissner independently identified a photograph of appellant as one of the assailants from a spread of six photographs. Appellant contends the spread was suggestive because only one of the photographs indicated the height of the suspect as 5'6", the height which the Meissners had estimated one of the assailants to be. The other photographs failed to indicate a height or indicated a height different from 5'6". After a pretrial hearing, the trial court overruled appellant's "Motion to Suppress Identification".

■ In the case at bar, both Mr. and Mrs. Meissner had ample opportunity to observe the appellant and his companion in their home on the night of the robbery. Testimony showed that the robbers were in the house for an extended period of time and that neither was masked or disguised. The lights were on in the house. The Meissners viewed both assailants from short distances. The evidence supports the trial court's ruling since the Meissners' identification of the accused had an origin independent of the complained of lineup. *Thomas v. State,* 605 S.W.2d 290 (Tex.Cr.App.1980); *Komurke v. State,* 562 S.W.2d 230 (Tex.Cr.App.1978). Appellant's first ground of error is overruled.

■ In his second ground of error, appellant complains that the court's jury charge is fundamentally defective because the indictment alleged in the conjunctive and the charge allowed conviction in the disjunctive.

This argument has been rejected many times before. See: *Ely v. State,* 582 S.W.2d 416 (Tex.Cr.App.1979); *Robinson v. State,* 596 S.W.2d 130 (Tex.Cr.App.1980). The second ground of error is overruled.

■ In his third ground of error, appellant contends that the evidence is insufficient on the element of identity. As noted above, the Meissners were able to identify the appellant as one of the men who robbed them. At trial, both indicated they were sure in their identifications. This testimony is sufficient to support the jury's verdict of guilty.

■ In his three pro se grounds of error, appellant alleges ineffective assistance of counsel. In addressing appellant's three contentions, we are guided by the well established rule that every defendant has the right to be represented by counsel "reasonably likely to render effective assistance." *Ex Parte Duffy,* 607 S.W.2d 507 (Tex.Cr. App.1980).

First, appellant alleges counsel failed in various ways to provide adequate representation when he failed to request the minutes of the grand jury, failed to call alibi witnesses, and failed to file a motion for new trial. Other incidents of ineffectiveness were also alleged. Several of these allegations were focused upon during a hearing on a motion for new trial in which appellant was represented by new and different appointed counsel.

■ The gist of appellant's testimony at this hearing was that numerous friends and relatives would have testified in appellant's behalf and established an alibi if counsel had adequately performed his duty. A good portion of appellant's testimony lacks resolute character and is equivocal. The Hon. James Lawrence, appellant's trial counsel, testified that appellant declined to identify useful alibi witnesses initially and that many of the now purported alibi witnesses were not named. One was out of town and could not be located. He further testified that the appellant did not identify some of those who could assist with his alibi defense until the State had completed presenting its case-in-chief. Under these circumstances, it cannot be said that counsel failed to investigate or interview potential witnesses. Other alleged instances of counsel's omission concern trial strategy or matters which rest in the discretion of counsel.

In his second and third grounds of error, appellant alleges instances where counsel should have objected. Appellant first contends that counsel should have objected to the introduction of the photographic spread because the photograph of appellant showed him with a Nueces County Sheriff's sign indicating a prior extraneous offense.

■ Appellant is correct in pointing out that the admitted photographic spread contained identification marks which indicate his involvement in some prior extraneous criminal matter. The admission of such a photograph, over timely objection, would have been error. *Richardson v. State,* 536 S.W.2d 221 (Tex.Cr.App.1976). Perfect counsel would have objected to the admission of the evidence and the trial court should have removed or covered that portion of the photograph which was prejudicial to the appellant. This error is not fundamental and will not result in reversal when no timely objection is shown. *Smith v. State,* 595 S.W.2d 120 (Tex.Cr.App.1980). The adequacy of counsel's assistance is based upon the totality of the attorney's representation. *Harrison v. State,* 552 S.W.2d 151 (Tex.Cr.App.1977). Thus, an isolated instance of a failure to object does not necessarily render the attorney ineffective. *Callaway v. State,* 594 S.W.2d 440 (Tex.Cr.App.1980).

■ In his third ground of error, appellant alleges that counsel failed to object to a portion of the prosecutor's closing argument in which the prosecutor purportedly accused the appellant of trying to rape Mrs. Meissner. We disagree. Only the appellant's selective editing of the prosecutor's remarks attributes involvement in any extraneous offense to the appellant. The evidence in this case showed that during the robbery appellant's companion had removed Mrs. Meissner's panties and had "gotten on top" of her. The appellant then spoke to his companion in Spanish and he got off

her. The prosecutor's reference to this evidence was not improper, nor did he accuse the appellant of trying to rape Mrs. Meissner.

We have reviewed the entire record, and, based on that record, we hold that appellant was afforded reasonably effective assistance of counsel at trial. Various pretrial motions were filed by counsel and a pre-trial hearing was held on the motion to suppress identification. Counsel's representation at trial was adequate. Appellant's pro se grounds of error are overruled.

The judgment of the trial court is AFFIRMED.