NUMBER 13-01-342-CR

 

                             COURT OF APPEALS

 

                   THIRTEENTH DISTRICT OF TEXAS

 

                                CORPUS CHRISTI

 



 

DARRIN LOVE,                                                                     Appellant,

 

                                                   v.

 

THE
STATE OF TEXAS,                                                          Appellee.

 



 

                       On appeal from the Criminal District Court

                                of Jefferson
County, Texas.

 



 

                          MEMORANDUM OPINION

 

          Before Chief Justice Valdez and Justices Yañez
and Castillo

                                  Opinion by Justice Castillo

 








Appellant Darryl Wayne
Love was convicted by a jury of the first degree felony offense of possession
of more than 400 grams of codeine, a controlled substance.[1]   He elected to have the trial court assess
punishment and was sentenced to fifteen years in prison.  In a single issue, Love alleges that the
trial court erred in allowing the admission of evidence of extraneous
offenses.  We affirm.

As this
is a memorandum opinion not designated for publication and the parties are
familiar with the facts, we will not recite them here. Tex. R. App. P. 47.1.








Appellant admits that
he made no objection to the introduction of the alleged extraneous offenses, but
argues that their admission was fundamental error and constituted such
egregious harm that he was denied due process of law and a fair trial.  Appellant cites Almanza v. State, 686
S.W.2d 157 (Tex. Crim. App. 1984), and Abnor v. State, 871 S.W.2d 726
(Tex. Crim. App. 1994), to support his claim that there may be fundamental
error in the admission of testimony regarding the alleged extraneous offenses
and asks us to apply the standards of review and harm analysis discussed
therein.  However, Almanza and Abnor
both dealt with jury charge error, not error in the admission of evidence, and
are inapplicable to the question before us. 
Almanza, 686 S.W.2d at 161; Abnor, 871 S.W.2d at 728.  Moreover, the court of criminal appeals
recently clarified the nature of fundamental error in Texas in an extensive
discussion of the same in Saldano v. State, 70 S.W.3d 873, 886-90 (Tex.
Crim. App. 2002).  In Saldano, the
court noted that while jury charge errors that are so grave as to deny a
defendant a fair trial have been recognized as fundamental errors, citing Almanza,
errors related to the admission of evidence, even when impacting
constitutional rights, are not.  Saldano,
70 S.W.3d at 889 (AWe have consistently
held that the failure to object in a timely and specific manner during trial
forfeits complaints about the admissibility of evidence. This is true even
though the error may concern a constitutional right of the defendant.@)(citations omitted),
and at 889 n.73 (listing evidence of extraneous offenses among the examples of
complaints forfeited by failure to object). 


Our decision in the
instant case therefore is governed by the well-settled law that failure to
object to evidence of an extraneous offense waives any error in its admission.  Smith v. State, 595 S.W.2d 120, 123 (Tex.
Crim. App. 1980)(AWe have consistently
held that the failure to object waives any error in the admission of evidence
tending to show an extraneous offense.@).  As we noted in Hinojosa v. State,
admission of evidence of extraneous offenses is Anot fundamental [error] and will not result in
reversal when no timely objection is shown.@  659
S.W.2d 914, 916 (Tex. App.BCorpus Christi 1983,
pet. ref=d). 

We find that appellant
waived any complaint as to the admission of the alleged extraneous
offenses.  We overrule appellant=s sole issue and
affirm the conviction of the trial court.                         

ERRLINDA CASTILLO

Justice

Do not
publish.

Tex.
R. App. P.
47.3(b).

 

Opinion delivered and
filed

this 3rd day of July,
2002.











[1]
Tex. Health & Safety. Code Ann.
''481.118(e),
481.105(1)(Vernon Supp. 2002).