Rene **FLORES**, Appellant,

v.

The **STATE** of Texas.

No. PD–0904–06.

Court of Criminal Appeals of Texas.

May 23, 2007.

Ned Barnett, and Stanley G. Schneider, Houston, for Appellant.

Lori Seangelo Fix, Assistant District Atty., Houston, Matthew Paul, State's Atty., Austin, for State.

WOMACK, J., delivered the opinion for a unanimous Court.

Flores's only complaint on the appeal from his conviction for murder was that the court's charge to the jury erroneously limited the jury's consideration of his defense of self-defense by including an instruction on the law of provocation ("The use of force against another [in self-defense] is not justified . . . if the actor provoked the other's use or attempted use of unlawful force").[1] The Court of Appeals agreed that giving the charge was error, but found that it was harmless.[2] In doing so, it applied the standard for harmless error in Rule of Appellate Procedure 44.2(b): "Any other [than constitutional] error, defect, irregularity, or variance that does not affect substantial rights must be disregarded."

As the parties agree, this was the wrong standard.

Article 36.19 of the Code of Criminal Procedure, which is captioned "Review of

---

1. PENAL CODE § 9.31(b)(3).

2. *Flores v. State,* 194 S.W.3d 34 (Tex.App.-Texarkana 2006).

[the court's] charge on appeal," sets standards for reversal; error that was called to the court's attention will lead to reversal if there was some harm to the appellant, but unobjected-to error calls for reversal only if it was so egregious as to deprive the appellant of a fair and impartial trial.[3]

The judgment of the Court of Appeals is vacated, and the case is remanded to that court for reconsideration under Article 36.19 and for other action consistent with this opinion.

---

3.  *Almanza v. State,* 686 S.W.2d 157 (Tex.Cr.    App.1984).