**Bradford Demon CARR, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 10–06–00331–CR.**

Court of Appeals of Texas, Waco.

Dec. 19, 2007.

Discretionary Review Refused March 19, 2008.

---

Richard G. Ferguson, Waco, for appellant.

John W. Segrest, McLennan County Dist. Atty., Waco, for appellee.

Before Chief Justice GRAY, Justice VANCE, and Justice REYNA.

## OPINION

BILL VANCE, Justice.

Bradford Demon Carr appeals his conviction for aggravated robbery, for which he was sentenced to 60 years in prison. *See* TEX. PEN.CODE ANN. § 29.03(a) (Vernon 2003). We will find that the trial judge improperly instructed the jury panel concerning Carr's right to remain silent but determine that the error was harmless. We also find that assumed error in the

court's failure to read the entire charge on punishment did not cause Carr egregious harm. Finding no other error, we will affirm the judgment.

### Admonitions to the Jury Panel

■ Carr's first issue complains that the trial court erred in his admonitions to the jury panel, which included the following:

> Another very important right that all of us have, including this defendant here, is the right to remain silent. This is a hard concept for jurors to understand. If you're charged with a criminal offense, it is the government's obligation and responsibility to prove you guilty. It is not your obligation. It is not this defendant's obligation to prove himself innocent. The defendant in a criminal case does not have to present a single shred of evidence, none, and the State still has the burden of convincing the jury beyond a reasonable doubt that he's guilty.
>
> Many times in a criminal trial a defendant will choose not to testify. He has that right, and it must not be held against him in determining the verdict in this case or any other case. There may be many reasons why a defendant chooses not to testify. They may be poorly educated. They may be inarticulate. They may be afraid that they are going to say something on the witness stand that the jury misinterprets and somehow appear to be guilty. *One reason may be that the defendant is guilty and knows that if he testifies that he will not be able to stand up to cross-examination.*

(Emphasis added.) Carr objected: "Judge, I'm going to object to that as an infringement on my client's right to a presumption of innocence." The court over-ruled the objection, then *sua sponte* instructed the jury as follows:

> The defendant is presumed innocent. You must presume him innocent until you are convinced that he's guilty. He has a right to remain silent. You must not use his exercise of that right against him in any way whatsoever.

Carr argues that "the judge's comments at Carr's trial suggested that the judge had formed an opinion, perhaps on the basis of facts the jury would not hear, that Carr was guilty."

In *Blue v. State*, the Court of Criminal Appeals examined whether a trial judge's comments to the jury vitiated the defendant's presumption of innocence. *Blue v. State*, 41 S.W.3d 129, 132 (Tex.Crim.App. 2000) (plurality op.). The trial judge made various comments including his belief that the defendant should plead guilty and that defense attorneys will often put guilty defendants on the stand if they look innocent like "Sister Teresa." *Id.* Even the dissent in *Blue* remarked that the instruction on a defendant's failure to testify could have the unintended consequence of prejudicing a defendant who chooses to testify by raising in the minds of the jury the idea that the defendant may be lying on the stand. *Id.* at 144 (McCormick, Womack & Keller, JJ. dissenting).

Although *Blue* was a plurality, the preservation question was the focus of the case, but in finding "fundamental error" not requiring preservation, a majority found an error by the trial judge in imparting information to the venire that "vitiated the presumption of innocence." *Id.* at 132–33. We thus view *Blue* as precedent. The comments in the present case do not reach the level found in *Blue*, but the speculative comment by the trial judge that the defendant may choose not to testify because he is guilty was erroneous. The Bench Book for Texas Trial Judges sets forth the prop-

er jury instruction to be given by judges on a defendant's failure to testify.

> The defendant in any criminal case is not required to prove himself or herself innocent. If the defendant does not choose to testify, you may not consider that fact as evidence of guilt, nor may you, in your deliberations, comment or in any way allude to that fact.

Bench Book for the Texas Judiciary, Part III, p. 265, Texas Center for the Judiciary (2003). We thus hold that it was error for the trial judge to speculate why Carr might choose not to testify.

### *Harm Analysis*

■ We next address whether Carr was harmed by the error.[1] The presumption of innocence is of constitutional dimension. *Blue,* 41 S.W.3d at 132; *Abbott v. State,* 196 S.W.3d 334, 344 (Tex.App.-Waco 2006, pet. ref'd). When an error is constitutional in nature, we apply the harm analysis set forth in Rule 44.2(a), which states:

> If the appellate record in a criminal case reveals constitutional error that is subject to harmless error review, the court of appeals must reverse a judgment of conviction or punishment unless the court determines beyond a reasonable doubt that the error did not contribute to the conviction or punishment.

Tex.R.App. P. 44.2(a).

We have reviewed the entire record, and we find beyond a reasonable doubt that the trial judge's comments[2] did not contribute to the conviction or punishment. The trial judge also discussed the presumption of innocence of every criminal defendant and the basic constitutional right to remain silent. In their entirety, the trial judge's comments show that the error was harmless. Accordingly, we find the error to be harmless and overrule Carr's first issue.

### *Motion for Mistrial*

■ Carr's third issue contends that the trial court erred in overruling his motion for mistrial. The motion was made after the following testimony on direct examination of a police detective:

> Q. Okay. Any way of finding out what he had, where his clothes were? Could you even find a permanent address for him?
>
> A. He refused to talk to me.

(4 R.R. at 268). Carr argues that the testimony constituted an improper comment on his post-arrest silence.

■ "As a prerequisite to presenting a complaint for appellate review, the record must show that ... the complaint was made to the trial court by a timely request, objection, or motion...." Tex.R.App. P. 33.1(a). "[A] party's complaint is timely if the party makes the complaint as soon as the grounds for it become apparent." *Gillenwaters v. State,* 205 S.W.3d 534, 537 (Tex.Crim.App.2006) (citing *Hollins v. State,* 805 S.W.2d 475, 476 (Tex.Crim.App. 1991)); *see Buchanan v. State,* 207 S.W.3d 772, 775 (Tex.Crim.App.2006).

Carr made his motion for mistrial on the day after the testimony of which he complains. We thus find that he did not assert a timely complaint, find that the issue is not preserved for our review, and overrule the third issue.

### *Reading of the Charge*

■ Carr's second issue addresses the trial court's failure to read part of the jury

---

1. Carr argues that this is a structural error not requiring a harm analysis. We disagree.

2. The State concedes that a judge's opinions might be held in higher regard than those of counsel.

charge on punishment. In reading its punishment charge, the trial court said, "Ladies and gentlemen, the rest of the charge there is exactly verbatim to the charge that was read to you in the first phase of the trial. I'm not going to repeat that. You will continue to be governed by the entire—all of the instructions in the Court's charge." [3]

Carr contends that the trial court, in not reading the entire charge on punishment, violated Texas Code of Criminal Procedure Articles 36.14 and 36.15. *See* Tex.Code Crim. Proc. Ann. arts. 36.14, 36.15 (Vernon 2006); *see id.* art. 37.07, § (3)(b) (Vernon 2006). We assume without deciding that the trial court erred.

> Whenever it appears by the record in any criminal action upon appeal that any requirement of Articles 36.14[or] 36.15 ... has been disregarded, the judgment shall not be reversed unless the error appearing from the record was calculated to injure the rights of defendant, or unless it appears from the record that the defendant has not had a fair and impartial trial.

*Id.* art. 36.19 (Vernon 2006).

> If the error ... was the subject of a timely objection in the trial court, then reversal is required if the error is "calculated to injure the rights of defendant," which means no more than that there must be *some* harm to the accused from the error. In other words, an error which has been properly preserved by objection will call for reversal as long as the error is not harmless.
>
> On the other hand, if no proper objection was made at trial and the accused must claim that the error was "fundamental," he will obtain a reversal only if the error is so egregious and created such harm that he "has not had a fair and impartial trial"—in short "egregious harm."

*Almanza v. State*, 686 S.W.2d 157, 171 (Tex.Crim.App.1985) (op. on reh'g) (quoting Tex.Code Crim. Proc. Ann. art. 36.19); *see Flores v. State*, 224 S.W.3d 212, 212–13

---

**3.** The trial court did not read the following paragraphs of the charge:

At times throughout the trial the Court has been called upon to pass on the question of whether or not certain offered evidence might properly be admitted. You are not to be concerned with the reasons for such rulings and are not to draw any inference from them. Whether offered evidence is admissible is purely a question of law. In admitting evidence to which an objection is made, the Court does not determine what weight should be given to such evidence, nor does it pass on the credibility of the witness. As to the offer of evidence that has been rejected by the Court, you, of course, must not consider the same. As to any question to which an objection was sustained, you must not conjecture as to what the answer might have been or as to the reason for the objection.

You are instructed that you are not to allow yourselves to be influenced in any degree whatsoever by what you may think or surmise the opinion of the Court to be. The Court has no authority by word or act to indicate an opinion respecting any matter of fact involved in this case, nor to indicate any desire respecting its outcome. The Court has not intended to express any opinion upon any matter of fact in this case, and if you have observed anything which you have interpreted or may interpret as the Court's opinion upon any matter of fact in this case, you must wholly disregard it.

During trial it was permissible for you to take notes. You may carry those notes to the jury room for your personal use during deliberation on the court's charge. You may not share these notes with other jurors; however, you may discuss the contents of your notes. Your personal recollection of the evidence takes precedence over any notes you have taken. A juror may not rely on the notes of another juror. If you disagree about the evidence, the Presiding Juror may apply to the court and have the court reporter's notes read to the jury.

(Tex.Crim.App.2007); *Middleton v. State*, 125 S.W.3d 450, 453 (Tex.Crim.App.2003).

 "Errors that result in egregious harm are those affecting the '"very basis of the case,"' those depriving 'the defendant of a "valuable right,"' or those that '"vitally affect a defensive theory."'" *Druery v. State*, 225 S.W.3d 491, 504 (Tex. Crim.App.2007) (quoting *Hutch v. State*, 922 S.W.2d 166, 171 (Tex.Crim.App.1996)).

[W]hen conducting a harm analysis under *Almanza*, the reviewing court considers the following four factors:

 (1) The charge itself;

 (2) The state of the evidence, including contested issues and the weight of the probative evidence;

 (3) Arguments of counsel;

 (4) Any other relevant information revealed by the record of the trial as a whole.

*Martin v. State*, 200 S.W.3d 635, 641–42 (Tex.Crim.App.2006) (citing *Hutch*, 922 S.W.2d at 171); *see Olivas v. State*, 202 S.W.3d 137, 144 (Tex.Crim.App.2006); *Ex parte Smith*, 185 S.W.3d 455, 468 (Tex. Crim.App.2006).

Carr did not make a contemporaneous objection to the failure to read the entire charge. He concedes that the charge is correct, that the issue was not raised during arguments by counsel, and that there does not appear to be any other relevant information revealed by the record. As to the state of the punishment evidence, Carr concedes that his crime was "brutal." Carr stipulated to evidence of his convictions for possession of cocaine, assault causing bodily injury, evading arrest, misdemeanor possession of marihuana, and driving while license suspended. The trial court also admitted evidence of Carr's un-

lawful possession of a firearm by a felon, possession of cocaine, and other offenses, and his failure to comply with the terms of his community supervision. Carr did not offer any punishment evidence.

We do not find that Carr suffered egregious harm, and we overrule his second issue.

CONCLUSION

Having overruled Carr's three issues, we affirm the judgment of the trial court.

Chief Justice GRAY concurring with a note.*

---

\* (Chief Justice Gray does not join the opinion as to the first issue but concurs in the judgment without a separate opinion.)