

**IN THE**

**TENTH COURT OF APPEALS**

**No. 10-08-00024-CR**

**NATALIE COLE ROCHA,**

                                                                **Appellant**

 **v.**

**THE STATE OF TEXAS,**

                                                                **Appellee**

**From the 19th District Court**
**McLennan County, Texas**
**Trial Court No. 2007-1142-C1**

**MEMORANDUM  OPINION**

Rocha appeals her conviction for first-degree-felony murder.  *See* TEX. PENAL CODE

ANN. § 19.02(b)-(d) (Vernon 2003).  We affirm.

*Venire-Panel Examination.*  In Rocha's first issue, she complains of the trial court's

examination of the venire panel.  Rocha contends that the trial court's admonishments

violated the presumption of Rocha's innocence and commented on the weight of the

evidence.

"[T]he presumption of innocence, although not articulated in the" United States

"Constitution, is a basic component of a fair trial under our system of criminal justice."

*Delo v. Lashley,* 507 U.S. 272, 278 (1993) (quoting *Estelle v. Williams,* 425 U.S. 501, 503 (1976)) (alteration added); *see Taylor v. Kentucky,* 436 U.S. 478, 483-86 (1978); *In re Winship,* 397 U.S. 358, 363 (1970); *Coffin v. United States,* 156 U.S. 432, 453, 458-61 (1895). "[T]he criminal process presumes that the defendant is innocent until proved guilty." *Deck v. Missouri,* 544 U.S. 622, 630 (2005); *accord Coffin* at 453; *Cummings v. Missouri,* 71 U.S. 277, 330 (1867); *Walters v. State,* 247 S.W.3d 204, 210 (Tex. Crim. App. 2007); *Wilkerson v. State,* 881 S.W.2d 321, 324 (Tex. Crim. App. 1994); *Cloud v. State,* 150 Tex. Crim. 458, 461, 202 S.W.2d 846, 848 (1947) (op. on reh'g); *Black v. State,* 1 Tex. Ct. App. 368, 386-92 (1876). "The presumption operates at the guilt phase of a trial to remind the jury that the State has the burden of establishing every element of the offense beyond a reasonable doubt." *Lashley,* 507 U.S. at 278 (citing *Kentucky v. Whorton,* 441 U.S. 786, 789 (1979) (per curiam)). A presumption-of-innocence protects against "a 'genuine danger' that the jury will convict based on something other than the State's lawful evidence, proved beyond a reasonable doubt." *Id.* (quoting *Whorton,* 441 U.S. at 789) (internal quotation marks omitted). "The presumption of innocence is a doctrine that allocates the burden of proof in criminal trials; it also may serve as an admonishment to the jury to judge an accused's guilt or innocence solely on the evidence adduced at trial and not on the basis of suspicions that may arise from the fact of his arrest, indictment, or custody, or from other matters not introduced as proof at trial." *Bell v. Wolfish,* 441 U.S. 520, 533 (1979) (citing *Taylor* at 485). The term "is 'an inaccurate, shorthand description of the right of the accused to "remain inactive and secure, until the prosecution has taken up its burden and produced evidence and effected persuasion; . . ." an

"assumption" that is indulged in the absence of contrary evidence.'" *Id.* (quoting *Taylor* at 484 n.12); *Miles v. State,* 204 S.W.3d 822, 825 (Tex. Crim. App. 2006), *cert. denied,* 127 S. Ct. 1496 (2007); *Madrid v. State,* 595 S.W.2d 106, 110 (Tex. Crim. App. [Panel Op.] 1979) (op. on orig. submission).

Texas Code of Criminal Procedure Article 38.05 prohibits the trial court's commenting on the weight of the evidence by providing that the trial court must not, "at any stage of the proceeding previous to the return of the verdict, make any remark calculated to convey to the jury his opinion of the case." TEX. CODE CRIM. PROC. ANN. art. 38.05 (Vernon 1979); *see Brown v. State,* 122 S.W.3d 794, 798-99 (Tex. Crim. App. 2003); *Hay v. State,* 472 S.W.2d 157, 161 (Tex. Crim. App. 1971); *Harlan v. State,* 416 S.W.2d 422, 423-24 (Tex. Crim. App. 1967).

Texas Rule of Appellate Procedure 33.1 generally provides:

> As a prerequisite to presenting a complaint for appellate review, the record must show that:
>
> (1) the complaint was made to the trial court by a timely request, objection, or motion . . . and
>
> (2) the trial court . . . ruled on the request, objection, or motion . . . .

TEX. R. APP. P. 33.1(a). "The only essential requirement to ensure preservation is a specific, timely request that is refused by the trial court." *Cruz v. State,* 225 S.W.3d 546, 548 (Tex. Crim. App. 2007); *accord Young v. State,* 137 S.W.3d 65, 69 (Tex. Crim. App. 2004). Rule 33.1 is a "'judge-protecting' rule[] of error preservation." *Reyna v. State,* 168 S.W.3d 173, 177 (Tex. Crim. App. 2005) (quoting *Martinez v. State,* 91 S.W.3d 331, 335 (Tex. Crim. App. 2002)). "[T]he party complaining on appeal . . . about a trial court's"

ruling "must, at the earliest opportunity, have done everything necessary to bring to the judge's attention the . . . rule or statute in question and its precise and proper application to the" matter "in question." *Id.* (quoting *Martinez,* 91 S.W.3d at 335-36) (alterations added). "Except for complaints involving systemic (or absolute) requirements, or rights that are waivable only[,] . . . all other complaints, whether constitutional, statutory, or otherwise, are forfeited by failure to comply with Rule 33.1(a)." *Neal v. State,* 150 S.W.3d 169, 175 (Tex. Crim. App. 2004) (quoting *Mendez v. State,* 138 S.W.3d 334, 342 (Tex. Crim. App. 2004)) (bracketed alteration added); *see Cameron v. State,* 241 S.W.3d 15, 22 (Tex. Crim. App. 2007); *Amador v. State,* 221 S.W.3d 666, 671 n.9 (Tex. Crim. App. 2007); *Marin v. State,* 851 S.W.2d 275, 279-80 (Tex. Crim. App. 1993).

Error pursuant to Code of Criminal Procedure Article 38.05, in particular, is forfeited by failure to object. *See Sharpe v. State,* 648 S.W.2d 705, 706 (Tex. Crim. App. 1983); *Downey v. State,* 505 S.W.2d 907, 909 (Tex. Crim. App. 1974); *Steese v. State,* 170 Tex. Crim. 269, 272-73, 340 S.W.2d 49, 52 (1960); *Resendez v. State,* 160 S.W.3d 181, 189-90 (Tex. App.—Corpus Christi 2005, no pet.).

Rocha failed to object to the trial court's admonishments at trial. But Rocha argues that the admonishments "being fundamental error, no objection was required." (Br. at 9 (citing, *e.g., Blue v. State,* 41 S.W.3d 129, 132 (Tex. Crim. App. 2000) (plurality op)).) In *Blue v. Texas,* the four-judge plurality of the Texas Court of Criminal Appeals held that "comments of the trial judge, which taint [the] appellant's presumption of innocence in front of the venire, [a]re fundamental error of constitutional dimension and require[] no

objection." *Blue,* 41 S.W.3d at 132 (plurality op.); *see Brumit v. State,* 206 S.W.3d 639, 641, 644-45 (Tex. Crim. App. 2006); *Sanchez v. State,* 120 S.W.3d 359, 366 n.18 (Tex. Crim. App. 2003). In a concurrence, one judge would have held that a comment on the weight of the evidence in violation of Article 38.05 can constitute such fundamental error. *Blue,* 41 S.W.3d at 133, 134-35 (Mansfield, J., concurring); *see Sanchez,* 120 S.W.3d at 366 n.18.

"Many . . . admonitory or cautionary instructions are customarily used by criminal trial judges at the time of the voir dire examination of the jury panel and at various intervals of a trial to guard against jury misconduct. The giving of such instructions is largely within the discretion of the court . . . ." *Walker v. State,* 440 S.W.2d 653, 658 (Tex. Crim. App. 1969) (internal citation omitted); *see Hernandez v. State,* 169 Tex. Crim. 418, 421, 334 S.W.2d 299, 301-302 (1960); *see generally Green v. State,* 934 S.W.2d 92, 106 (Tex. Crim. App. 1996); *Etheridge v. State,* 903 S.W.2d 1, 9 (Tex. Crim. App. 1995); *Nunfio v. State,* 808 S.W.2d 482, 484 (Tex. Crim. App. 1991).

Rocha complains of the following admonishments:

[The defendant] . . . is presumed innocent **until** the State meets its burden and proves the defendant guilty. That presumption of innocence is just that. It is a presumption. It does not mean that a defendant in any given criminal trial is actually innocent. It simply means that they must be presumed innocent **until** the State satisfies and meets its obligation of proving the defendant guilty.
. . . .
The defendant, if they choose to, never has to lift a finger or say a word, and you must still presume them innocent **until** the State has convinced you otherwise.

(Rocha Br. at 7 (quoting 3 R.R. at 12, 15) (emphasis and alterations added by Rocha).)

Rocha argues, "By repeatedly using the work 'until' instead of 'unless,' the judge made it plain to the jury panel that the judge fully expected the State to be able to prove

its case." (Br. at 7.) As Rocha argues, too, "The presumption embodies the fact that the State has the burden of proof, and that the defendant may remain inactive *until* that burden is met." (*Id.* at 7-8 (citing *Miles,* 204 S.W.3d at 825) (emphasis added).)

In evaluating the trial court's admonishments to the venire panel, we consider all of those admonishments. *See, e.g., Blue,* 41 S.W.3d at 130 (plurality op.). Here, for example, immediately before the admonishments of which Rocha complains, the trial court admonished the panel as follows:

> A criminal case in the State of Texas—in fact, in most states—proceeds along two possible paths. The first part of the trial, the jury that is actually selected will hear facts about the allegations and about the offense charged. That's called the guilt/innocence phase of the trial. . . . If and when the defendant is found guilty, and only if the defendant is found guilty, does a criminal trial proceed to the second part of the trial called the punishment phase where the jury will determine what the appropriate punishment will be. At the first phase of the trial, the one I just described to you, the guilt/innocence phase, the State has what is called the burden of proof. They are the ones who have to bring forward the evidence in the case and try to convince the jury beyond a reasonable doubt of the defendant's guilt. The State always has that burden of proof at the guilt/innocence phase of the trial. It never shifts to the defendant. The defendant in this case or any other criminal case never has to prove anything. All they have to do is be there. They don't have to say a word. They don't have to put on any evidence. They don't have to do anything because it's the State's responsibility to convince the jury of the defendant's guilt. These are the same rights that you have if you're charged with an offense, the same rights that I have, the same rights that we have throughout this country based on the constitution of the United States and of our own state constitution and our state laws. . . .
> As I have already alluded, the State has the burden of proof . . . .

(3 R.R. at 10-12.)

Rocha does not show that the trial court's admonishments tainted Rocha's presumption of innocence or commented on the evidence by suggesting that the trial

court believed that the State would successfully prove the case against Rocha, or that the trial court abused its discretion in its admonishments. Rocha forfeits her complaint.

We overrule Rocha's first issue.

*Jury Charge.* In Rocha's second and third issues, she contends that the trial court erred in its instructions to the jury.

Texas Code of Criminal Procedure Article 36.19, governing review of charge error, provides:

> Whenever it appears by the record in any criminal action upon appeal that any requirement of Articles 36.14 [or] 36.16 . . . has been disregarded, the judgment shall not be reversed unless the error appearing from the record was calculated to injure the rights of [the] defendant, or unless it appears from the record that the defendant has not had a fair and impartial trial.

TEX. CODE CRIM. PROC. ANN. art. 36.19 (Vernon 2006); *see id.* art. 36.14 (Vernon 2007), art. 36.16 (Vernon 2006); *Igo v. State,* 210 S.W.3d 645, 647 (Tex. Crim. App. 2006) (citing *Almanza v. State,* 686 S.W.2d 157, 171 (Tex. Crim. App. 1985) (op. on reh'g). Among the requirements of Article 36.14 is that the charge must "distinctly set[] forth the law applicable to the case." TEX. CODE CRIM. PROC. ANN. art. 36.14.

"Article 36.19 . . . sets" two "standards for reversal; error that was called to the court's attention will lead to reversal if there was some harm to the appellant, but unobjected-to error calls for reversal only if it was so egregious as to deprive the appellant of a fair and impartial trial." *Flores v. State,* 224 S.W.3d 212, 212-13 (Tex. Crim. App. 2007); *accord Williams v. State,* No. AP-74,391, 2008 Tex. Crim. App. LEXIS 692, at *53 (Tex. Crim. App. June 11, 2008); *Oursbourn v. State,* No. PD 1687-06, 2008 Tex. Crim.

App. LEXIS 686, at *28, *42-43, *48-49 (Tex. Crim. App. June 4, 2008); *Almanza*, 686 S.W.2d at 171-72.

Under the latter standard, error may be "regarded as 'fundamental'—that is to say, it may subject the conviction to reversal on appeal regardless of whether the appellant raised an objection to it in the trial court—if the error caused the appellant 'egregious harm.'" *Sanchez v. State*, 209 S.W.3d 117, 121 (Tex. Crim. App. 2006) (quoting *Almanza*, 686 S.W.2d at 171, 172). "Errors that result in egregious harm are those that affect 'the very basis of the case,' 'deprive the defendant of a valuable right,' or 'vitally affect a defensive theory.'" *Ngo v. State*, 175 S.W.3d 738, 750 (Tex. Crim. App. 2005) (quoting *Hutch v. State*, 922 S.W.2d 166, 171 (Tex. Crim. App. 1996)); *accord Madden v. State*, 242 S.W.3d 504, 513 (Tex. Crim. App. 2007); *Almanza* at 172.

In evaluating the harm from charge error, we consider:

(1) the charge itself;
(2) the state of the evidence including contested issues and the weight of the probative evidence;
(3) arguments of counsel; and
(4) any other relevant information revealed by the record of the trial as a whole.

*Olivas v. State*, 202 S.W.3d 137, 144 (Tex. Crim. App. 2006) (citing *Hutch*, 922 S.W.2d at 171); *accord Almanza*, 686 S.W.2d at 171.

*Guilt-or-Innocence.* In Rocha's second issue, she complains of the charge in the guilt-or-innocence phase of trial.

Code of Criminal Procedure Article 36.14 provides:

> [I]n each felony case . . . , the judge shall, before the argument begins, deliver to the jury . . . a written charge distinctly setting forth the law applicable to the case; not expressing any opinion as to the weight of the evidence, not summing up the testimony, discussing the facts or using any argument in his charge calculated to arouse the sympathy or excite the passions of the jury. Before said charge is read to the jury, the defendant or his counsel shall have a reasonable time to examine the same and he shall present his objections thereto in writing, distinctly specifying each ground of objection. . . .

TEX. CODE CRIM. PROC. ANN. art. 36.14; *see id.* art. 38.05.

Code of Criminal Procedure Article 36.16 provides:

> After the judge shall have received the objections to his main charge, together with any special charges offered, he may make such changes in his main charge as he may deem proper, and the defendant or his counsel shall have the opportunity to present their objections thereto . . . , and thereupon the judge shall read his charge to the jury as finally written, together with any special charges given, and no further exception or objection shall be required of the defendant in order to preserve any objections or exceptions theretofore made. . . . The failure of the court to give the defendant or his counsel a reasonable time to examine the charge and specify the ground of objection shall be subject to review either in the trial court or in the appellate court.

TEX. CODE CRIM. PROC. ANN. art. 36.16.

In concluding reading from its written charge, the trial court instructed the jury, "'If you disagree about the evidence, the presiding juror may apply to the Court and have the court reporter's notes read to the jury.'" (6 R.R. at 133 (quoting I C.R. at 91).)

The trial court, no longer reading from its written charge, then stated as follows, of which statement Rocha complains:

> Ladies and gentlemen, I want to talk to you a moment about that last sentence there about communicating with the Court and disagreeing with the evidence. It is not infrequent that we will get a communication from the jury asking to have the transcript of testimony given to you, testimony transcribed by the court reporter. I will not be able to comply with that request if you send one

out unless it meets the very stringent and specific terms. The only time you can get the court[] reporter's notes is if you have a specific disagreement about a specific piece of testimony. Let's say in this case it concerns one of the bottles and you remember one witness saying this, something about it, and you remember another witness saying something else. If you tell me what the specific disagreement is about the specific point in the trial and point that out to me in your request, then and only then can we get that small portion of the court reporter's notes sent in to you.

(Rocha Br. at 13 (quoting 6 R.R. at 133-34) (bracketed alteration added).)

In referring to evidence of "one of the bottles," (*see* 6 R.R. at 134), the trial court refers to evidence of three bottles found at the crime scene. A carbonated drink bottle had the fingerprint of State's witness Rory Pullen. The lid of an ammonia bottle had a mixture of the DNA of Rocha and the victim. The mouth of a bleach bottle had a mixture of the DNA of Rocha, the victim, and an unknown person.

Rocha argues:

First, this portion of the charge was not in writing. Second, the judge commented on the weight of the evidence by indicating to the jury his opinion that the DNA evidence was important to its decision. Third, there was no opportunity for defense counsel to make objections; he did not have an opportunity to. Furthermore, in addition to violations of article 36.14, article 36.16 was violated: "The failure of the court to give the defendant or his counsel a reasonable time to examine the charge and specify the ground of objection shall be subject to review either in the trial court or in the appellate court."

(Br. at 13-14 (internal citation omitted) (quoting TEX. CODE CRIM. PROC. ANN. art. 36.16)); TEX. CODE CRIM. PROC. ANN. art. 36.14.

We assume without deciding that, as Rocha argues, the trial court's statements constitute charge error. But we cannot assume, as Rocha argues, that Rocha preserved a charge objection. We perceive no hindrance to Rocha's objecting at the time that the

trial court made the statements of which Rocha complains. Accordingly, we evaluate those statements for egregious harm rather than, as Rocha argues, for some harm.

As to the entirety of the charge, Rocha argues that what she calls the trial court's "'oral' jury-charge instruction stood out precisely because it was oral." (Br. at 15.) But the trial court at the same time instructed the jury on, for example, jury notes and the responses thereto. Rocha makes no other objection to the guilt-or-innocence charge. The State argues that the instruction of which Rocha complains was a correct statement of the law. *See* TEX. CODE CRIM. PROC. ANN. art. 36.28 (Vernon 2006); *Howell v. State,* 175 S.W.3d 786, 790-92 (Tex. Crim. App. 2005); *Robison v. State,* 888 S.W.2d 473, 480-81 (Tex. Crim. App. 1994); *Moore v. State,* 874 S.W.2d 671, 673 (Tex. Crim. App. 1994). The trial court also instructed the jury against considering anything the trial court said as a comment on the weight of the evidence in the following terms:

> You are instructed that you are not to allow yourselves to be influenced in any degree whatsoever by what you may think or surmise the opinion of the Court to be. The Court has no authority by word or act to indicate an opinion regarding any matter of fact involved in this case, nor to indicate any desire respecting the outcome. The Court has not intended to express any opinion upon any matter of fact in this case, and if you have observed anything which you have interpreted as the Court's opinion upon any matter of fact in this case, you must wholly disregard it.

(I C.R. at 91; *see* 6 R.R. at 132-33.)

As to the trial evidence, Rocha argues that Pullen and another State's witness "had equal access to" the victim, and challenges those witnesses' credibility. (Br. at 15.) Rocha argues that Rocha's DNA evidence on two of the bottles "was the only physical evidence linking [Rocha] to the murder." (*Id*.) The State's theory of the case was that

Pullen's fingerprint corroborates that he was at the scene of the crime, and that Rocha's DNA evidence on the cleaner bottles shows that she used them to attempt to clean up the scene.

As to the argument of counsel, Rocha points out that the State's argument, and Rocha's to a lesser degree, relied on the DNA evidence. The State emphasized the presence of Rocha's DNA evidence and Pullen's fingerprint evidence; Rocha emphasized that the DNA evidence showed the presence of an unknown person.

As to other evidence, Rocha argues that there is no other relevant evidence. The State argues that in referring to the bottles, the trial court did not clearly refer to the incriminating DNA evidence on two of the bottles.

Rocha did not suffer egregious harm from the trial court's suggestion that the jury might disagree about witness testimony so as to call into question the State's evidence.

We overrule Rocha's second issue.

*Punishment.* In Rocha's third issue, she complains of the charge in the punishment phase of trial.

Rocha complains of the following instruction:

> Do not let personal bias, prejudice, sympathy or resentment on your part, or any such personal emotion on your part, enter into your deliberations or affect your verdict in this case.

(Br. at 18 (quoting C.R. at 97-98); *see* 7 R.R. at 58.)

Rocha argues that "it violates the Eighth and Fourteenth Amendments for the jury to be instructed not to consider sympathy during punishment." (Br. at 18); *see* U.S. CONST. amend. VIII, amend. XIV, § 1. But the United States Supreme Court has held

that the jurors need not "be allowed to base the sentencing decision upon the sympathy they feel for the defendant after hearing his mitigating evidence." *Saffle v. Parks*, 494 U.S. 484, 489 (1990); *accord Wilson v. State,* No. 10-07-00171-CR, 2008 Tex. App. LEXIS 5138, at *8-11 (Tex. App.—Waco July 9, 2008, no pet. h.).

The trial court did not err in its anti-sympathy instruction. We overrule Rocha's third issue.

**CONCLUSION.** Having overruled Rocha's issues, we affirm.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
    Justice Vance, and
    Justice Reyna
    (Justice Vance concurs in the judgment with a note) *
Affirmed
Opinion delivered and filed September 24, 2008
Do not publish
[CRPM]


    * "(The Bench Book for Texas Trial Judges sets forth the proper way to qualify a panel of prospective jurors and introduce the voir dire process in criminal cases. Bench Book for the Texas Judiciary, Part III, pp. 3-244 – 3-257, Texas Center for the Judiciary (2004). The trial judge expanded those instructions in this case in a way I do not think proper. *See Carr v. State*, 249 S.W.3d 502, 504-05 (Tex. App.—Waco 2007, pet. ref'd) (error for the trial judge to speculate why defendant might choose not to testify); *Duffey v. State*, 249 S.W.3d 507, 510-11 (Tex. App.—Waco 2007, pet. ref'd) (same). I would hold that the instructions beyond the scope of the Bench Book were erroneous and sustain issue one. I would, however, find the error harmless and affirm the judgment.)"