

# IN THE
# TENTH COURT OF APPEALS

### No. 10-08-00045-CR

**JERRY TORRES,**

                                                                                    **Appellant**

 **v.**

**THE STATE OF TEXAS,**

                                                                                    **Appellee**

**From the 19th District Court
McLennan County, Texas
Trial Court No. 2007-1760-C1**

## MEMORANDUM  OPINION

Torres appeals his conviction for felony driving while intoxicated.  *See* TEX. PENAL

CODE ANN. §§ 49.01(2), 49.04(a), 49.09(b) (Vernon 2003).  We affirm.

In Torres's two issues, he contends that the trial court erred in its instructions to the

jury.

Texas Code of Criminal Procedure Article 36.19, governing review of charge error,

provides:

>    Whenever it appears by the record in any criminal action upon appeal that
> any requirement of Articles 36.14 [or] 36.16 . . . has been disregarded, the
> judgment shall not be reversed unless the error appearing from the record was

calculated to injure the rights of [the] defendant, or unless it appears from the record that the defendant has not had a fair and impartial trial.

TEX. CODE CRIM. PROC. ANN. art. 36.19 (Vernon 2006); *see id.* art. 36.14 (Vernon 2007), art. 36.16 (Vernon 2006); *Igo v. State,* 210 S.W.3d 645, 647 (Tex. Crim. App. 2006) (citing *Almanza v. State,* 686 S.W.2d 157, 171 (Tex. Crim. App. 1985) (op. on reh'g)).

"Article 36.19 . . . sets" two "standards for reversal; error that was called to the court's attention will lead to reversal if there was some harm to the appellant, but unobjected-to error calls for reversal only if it was so egregious as to deprive the appellant of a fair and impartial trial." *Flores v. State,* 224 S.W.3d 212, 212-13 (Tex. Crim. App. 2007); *accord Williams v. State,* No. AP-74,391, 2008 Tex. Crim. App. LEXIS 692, at *53 (Tex. Crim. App. June 11, 2008); *Oursbourn v. State,* No. PD 1687-06, 2008 Tex. Crim. App. LEXIS 686, at *28, *42-43, *48-49 (Tex. Crim. App. June 4, 2008); *Almanza,* 686 S.W.2d at 171-72.

Under the latter standard, error may be "regarded as 'fundamental'—that is to say, it may subject the conviction to reversal on appeal regardless of whether the appellant raised an objection to it in the trial court—if the error caused the appellant 'egregious harm.'" *Sanchez v. State,* 209 S.W.3d 117, 121 (Tex. Crim. App. 2006) (quoting *Almanza,* 686 S.W.2d at 171, 172). "Errors that result in egregious harm are those that affect 'the very basis of the case,' 'deprive the defendant of a valuable right,' or 'vitally affect a defensive theory.'" *Ngo v. State,* 175 S.W.3d 738, 750 (Tex. Crim. App. 2005) (quoting *Hutch v. State,* 922 S.W.2d 166, 171 (Tex. Crim. App. 1996)); *accord Madden v. State,* 242 S.W.3d 504, 513 (Tex. Crim. App. 2007); *Almanza* at 172.

"*Almanza* [*v. Texas*] requires a showing of 'actual, not just theoretical, harm to the accused.'" *Ex parte Smith,* 185 S.W.3d 455, 468 (Tex. Crim. App. 2006) (quoting *Almanza,* 686 S.W.2d at 174); *accord Ngo,* 175 S.W.3d at 750.  In evaluating the harm from charge error, we consider:

(1)  the charge itself;

(2)  the state of the evidence including contested issues and the weight of the probative evidence;

(3)  arguments of counsel; and

(4)  any other relevant information revealed by the record of the trial as a whole.

*Olivas v. State,* 202 S.W.3d 137, 144 (Tex. Crim. App. 2006) (citing *Hutch,* 922 S.W.2d at 171); *accord Almanza,* 686 S.W.2d at 171.

*Guilt-or-Innocence.*  In Torres's first issue, he complains of the charge in the guilt-or-innocence phase of trial.

Code of Criminal Procedure Article 36.14 provides:

[I]n each felony case . . . , the judge shall, before the argument begins, deliver to the jury . . . a written charge distinctly setting forth the law applicable to the case; not expressing any opinion as to the weight of the evidence, not summing up the testimony, discussing the facts or using any argument in his charge calculated to arouse the sympathy or excite the passions of the jury.  Before said charge is read to the jury, the defendant or his counsel shall have a reasonable time to examine the same and he shall present his objections thereto in writing, distinctly specifying each ground of objection. . . .

TEX. CODE CRIM. PROC. ANN. art. 36.14; *see id.* art. 38.05 (Vernon 1979).

Code of Criminal Procedure Article 36.16 provides:

After the judge shall have received the objections to his main charge, together with any special charges offered, he may make such changes in his main charge as he may deem proper, and the defendant or his counsel shall have the opportunity to present their objections thereto . . . , and thereupon the

judge shall read his charge to the jury as finally written, together with any special charges given, and no further exception or objection shall be required of the defendant in order to preserve any objections or exceptions theretofore made. . . . The failure of the court to give the defendant or his counsel a reasonable time to examine the charge and specify the ground of objection shall be subject to review either in the trial court or in the appellate court.

TEX. CODE CRIM. PROC. ANN. art. 36.16.

In concluding reading from its written charge, the trial court instructed the jury, "If you disagree about the evidence, the Presiding Juror may apply to the Court and have the court reporter's notes read to the jury." (4 R.R. at 170-71; *see* I C.R. at 44.)

The trial court, no longer reading from its written charge, then stated as follows, of which statement Torres complains:

Now, let me add here a little further information about getting something from the court reporter. The only time you can get anything from the court reporter is if you have a specific disagreement about a specific piece of testimony. And then you have to tell me what that disagreement is and where it—and what witness it is and then it's possible that the court reporter could transcribe her notes and send that in to you to resolve the dispute between you. I will not be able to send you in something from the court reporter where you simply ask for a repetition of the testimony, say, of Officer Russell. If some of you disagree as to a specific piece of testimony—let's say this were a car wreck and some of you thought the witness said the light was red and some of you thought the witness said the light was green, if you specify what the disagreement is, then we can try to clear up that disagreement for you.

(4 R.R. at 171.)

The trial court thus refers to the testimony of Officer Patrick Russell, a police officer who assisted the officer who stopped Torres, and administered a standardized field sobriety test to Torres.

Torres argues:

> First, this portion of the charge was not in writing. Second, the judge commented on the weight of the evidence by implying to the jury—it's the only piece of evidence he mentioned—his opinion that Officer Russell's testimony was important to its decision. Third, there was no opportunity for defense counsel to make objections; he did not have an opportunity to.
>
> Furthermore, in addition to violations of article 36.14, article 36.16 was violated: "The failure of the court to give the defendant or his counsel a reasonable time to examine the charge and specify the ground of objection shall be subject to review either in the trial court or in the appellate court."

(Br. at 13-14 (internal citation omitted) (quoting TEX. CODE CRIM. PROC. ANN. art. 36.16));

*see* TEX. CODE CRIM. PROC. ANN. art. 36.14.

We assume without deciding that, as Torres argues, the trial court's statements constitute charge error. But we cannot assume, as Torres argues, that Torres preserved a charge objection. We perceive no hindrance to Torres's objecting at the time that the trial court made the statements of which Torres complains. Accordingly, we evaluate those statements for egregious harm rather than, as Torres argues, for some harm.

As to the entirety of the charge, Torres argues that what he calls the trial court's "'oral' jury-charge instruction stood out precisely because it was oral." (Br. at 6.) But the trial court at the same time instructed the jury on, for example, the verdict form, demonstrative exhibits, jury requests for evidence, and jury notes. Torres makes no other objection to the guilt-or-innocence charge. The State argues that the instruction of which Torres complains was a correct statement of the law. *See* TEX. CODE CRIM. PROC. ANN. art. 36.28 (Vernon 2006); *Howell v. State,* 175 S.W.3d 786, 790-92 (Tex. Crim. App. 2005); *Robison v. State,* 888 S.W.2d 473, 480-81 (Tex. Crim. App. 1994); *Moore v. State,* 874 S.W.2d 671, 673 (Tex. Crim. App. 1994). The trial court's written charge also instructed

the jury against considering anything the trial court said as a comment on the weight of the evidence in the following terms:

> You are instructed that you are not to allow yourselves to be influenced in any degree whatsoever by what you may think or surmise the opinion of the Court to be. The Court has no authority by word or act to indicate an opinion respecting any matter of fact involved in this case nor to indicate any desire respecting its outcome. The Court has not intended to express any opinion upon any matter of fact in this case, and if you have observed anything which you have interpreted or may interpret as the Court's opinion upon any matter of fact in this case, you must wholly disregard it.

(4 R.R. at 170; *see* I C.R. at 91.) The charge as a whole does not tend to show harm.

As to the trial evidence, Torres argues, "The State's best evidence of intoxication was the results of the field-sobriety tests administered by Officer Russell, and in particular the horizontal gaze nystagmus test which Russell testified was practically never wrong." (Br. at 7.) Regardless of the weight that Officer Russell subjectively put upon the standardized field sobriety test, the State, at least, relied on other evidence that Torres was intoxicated. That evidence was very strong. Torres was driving his pickup truck so slowly as to cause a traffic obstruction, and weaved within and outside of his traffic lane. Torres had a very strong odor of an alcoholic beverage from his breath. Torres's eyes were bloodshot and he slurred his speech. Torres misspelled his name when asked by officers. Torres moved with exaggerated slowness. Torres fumbled in trying to find his driver's license and insurance card, and officers saw him pass over them several times before he found them. Torres had to use the door of his truck to get out and stand up. Torres was belligerent with the officers. Torres refused to submit a

specimen of his breath to determine its alcohol concentration. The trial evidence does not tend to show harm.

As to the argument of counsel, Torres points out a reference in the State's argument to a standardized field sobriety test that Officer Russell had administered to Torres. That and one other reference, both in passing, occurred in the seventeen pages of the State's argument. The State thus emphasized the other, strong evidence that Torres was intoxicated, not the standardized field sobriety test. The argument of counsel does not tend to show harm.

As to other relevant information, the parties agree that there is none.

Torres did not suffer egregious harm from the trial court's reference to the testimony of Officer Russell.

We overrule Torres's first issue.

*Punishment.* In Torres's second issue, he complains of the charge in the punishment phase of trial.

Torres complains of the following instruction:

> Do not let personal bias, prejudice, sympathy or resentment on your part, or any such personal emotion on your part, enter into your deliberations or affect your verdict in this case.

(5 R.R. at 67 (quoting I C.R. at 52).)

Torres argues that "sympathy is proper for the jury to consider in assessing punishment. . . . In fact, a jury may properly consider mitigating evidence, including sympathy, when it contemplates and renders a verdict." (Br. at 8 (citing *Coddington v. State,* 2006 OK CR 34, ¶ 90, 142 P.3d 437, 460, *cert. denied,* 127 S. Ct. 2032 (2007); *Dycus v.*

*State,* 1998-DP-01094-SCT (¶¶ 133-35), 875 So.2d 140, 167 (Miss. 2004), *judgment vacated on other grounds,* 544 U.S. 901 (2005)).)  But the United States Supreme Court has held that the jurors need not "be allowed to base the sentencing decision upon the sympathy they feel for the defendant after hearing his mitigating evidence."  *Saffle v. Parks,* 494 U.S. 484, 489 (1990); *accord Wilson v. State,* No. 10-07-00171-CR, 2008 Tex. App. LEXIS 5138, at *8-11 (Tex. App.—Waco July 9, 2008, no pet. h.).

The trial court did not err in its anti-sympathy instruction.  We overrule Torres's second issue.

**CONCLUSION.**  Having overruled Torres's issues, we affirm.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
    Justice Vance, and
    Justice Reyna
    (Justice Vance concurs in the judgment with a note) *
Affirmed
Opinion delivered and filed September 24, 2008
Do not publish
[CR25]


    * "(I would find that trial court's statements in issue one were erroneous, but I agree to affirm the judgment.)"