# NO. 12-14-00019-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *WILLIE WOMACK,*<br>*APPELLANT* | § | *APPEAL FROM THE 3RD* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *ANDERSON COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

A jury convicted Appellant, Willie Womack, of the offense of assault on a public servant and assessed his punishment at imprisonment for twenty years. Appellant presents two issues on appeal related to the juvenile adjudication used to enhance his punishment. We reverse and remand for a new trial on punishment.

## BACKGROUND

Appellant assaulted correctional officer Dakota Acker in the Mark W. Michael Unit in Anderson County, Texas. In the attack, Acker suffered a laceration to his left temple, contusions to his right elbow and a finger of his left hand, and chipped upper incisors requiring dental surgery to repair.

While a juvenile, Appellant was found to have engaged in delinquent conduct, namely aggravated sexual assault, criminal solicitation to commit aggravated robbery, criminal solicitation to commit aggravated assault with a deadly weapon on a public servant, criminal solicitation to commit escape, and retaliation. Thereafter, on October 20, 2000, a disposition hearing was held, and Appellant was committed to the Texas Youth Commission under a determinate sentence. The court sentenced Appellant to twenty-five years of imprisonment and ordered him transferred to the Texas Department of Criminal Justice.

Before Appellant's trial for assault on the correctional officer, the State gave notice that it intended to use his juvenile offenses to enhance his punishment. Appellant pleaded "not true" to the enhancement allegation. To prove the enhancement allegation, the State offered into evidence a penitentiary packet containing the "Order to Transfer to the Institutional Division of the Texas Department of Criminal Justice" that stated Appellant's date of birth to be May 22, 1986. However, his fingerprint card in the same packet showed his date of birth as May 22, 1985.

At the close of the punishment evidence, Appellant requested the trial court instruct the jury, as follows:

> I think in addition to finding [the enhancement allegation] true, the – that it should also include, "and that the Defendant was adjudicated by a juvenile court under Texas Family Code" –Let's see the statute. Has a section I believe it's 54.03, "and that the child engaged in delinquent conduct on or after January 1st, 1996, constituting a felony offense for which the child was committed to the Texas Youth Commission," I believe is what the statute says. And that conviction – let's see if it says, "became final prior to the" – "the commission of the offense of assault on a public servant."

In opposition to Appellant's requested instruction, the State argued that because Appellant's juvenile adjudication occurred on or before October 20, 2000 (the date of the adjudication), "his juvenile adjudication statutorily became a final felony conviction before Womack committed this offense in TDC."

The trial judge, however, was fully cognizant that a juvenile adjudication cannot be used for enhancement unless the *conduct* occurred on or after January 1, 1996, the effective date of the provisions of Section 12.42(f) of the penal code. The trial judge noted that the transfer order showed Appellant's date of birth as May 22, 1986. She reasoned that Appellant could not have been ten years old and subject to the juvenile code until after January 1, 1996. Therefore, she determined that Appellant could not have committed the delinquent acts before January 1, 1996.

The trial court instructed the jury using the ordinary language for enhancement for a prior felony conviction.

> Now, if you find from the evidence beyond a reasonable doubt that the defendant WILLIE WOMACK is the same person who was finally convicted of the offense listed in the enhancement paragraph and that the conviction alleged in [the] enhancement paragraph became final prior to the offense in this case, then you will assess his punishment at confinement in the Texas Department of Criminal Justice for any term of not more than twenty years (20) or less than two years (2) and in addition to imprisonment, a fine not to exceed $10,000.00 may be imposed.

The jury found the enhancement allegation "true" and assessed Appellant's punishment at imprisonment for twenty years.

<h2 style="text-align:center">JURY CHARGE</h2>

In his second issue, Appellant insists that the trial court's punishment charge failed to instruct the jury properly under Texas Penal Code Section 12.42(f)–that before it can find the enhancement allegation true, it must find that he engaged in the delinquent conduct forming the basis of his prior juvenile adjudication on or after January 1, 1996.

**Applicable Law**

The trial court is required to deliver to the jury "a written charge distinctly setting forth the law applicable to the case." TEX. CODE CRIM. PROC. ANN. art. 36.14 (West 2007). "After the introduction of [punishment] evidence has been concluded, . . . the court shall give such additional written instructions as may be necessary. . . ." *Id.* art. 37.07 § 3(b) (West Supp. 2014). A plea of "not true" forces the state to prove the enhancement allegations in the indictment beyond a reasonable doubt. *Kucha v. State*, 686 S.W.2d 154, 155 (Tex. Crim. App. 1985) (en banc).

Errors in the jury charge are reviewed under a special harm standard and not under the general harmless error standard set out in Rule 44.2 of the Texas Rules of Appellate Procedure. *Flores v. State*, 224 S.W.3d 212, 212-13 (Tex. Crim. App. 2007). Error that is called to the trial court's attention requires reversal if the error caused "some" actual harm to the appellant; unobjected to error will not result in reversal unless the error was so egregious as to deprive the appellant of a fair and impartial trial. *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1984); *Flores*, 224 S.W.3d at 213. "In both situations, the actual degree of harm must be assayed in the light of the entire jury charge, the state of the evidence, including the contested issues and weight of probative evidence, the argument of counsel[,] and any other relevant information revealed by the record of the trial as a whole." *Almanza*, 686 S.W.2d at 171.

To be subject to the juvenile code, one must be a "child" of ten years of age or older and under seventeen years of age. TEX. FAM. CODE ANN. §§ 51.02(2)(A); 51.04(a) (West 2014). An order of adjudication is not a conviction of a crime except as provided in section 51.13(d) of the family code. *Id.* § 51.13(a) (West 2014). Section 51.13(d) provides that only a felony

adjudication in which a child engaged in conduct that occurred on or after January 1, 1996, can be a final felony conviction for enhancement purposes. *Id*; TEX. PENAL CODE ANN. § 12.42(f) (West Supp. 2014).

**Discussion**

The critical inquiry in this case is when Appellant committed the acts for which he was adjudicated. There is no evidence of when the conduct occurred, and the record contains conflicting evidence regarding Appellant's date of birth. According to the date of birth stated in the transfer order, May 22, 1986, Appellant could not have been ten years old and subject to the juvenile code until after January 1, 1996. It would, therefore, be safe to assume that Appellant committed the delinquent conduct after January 1, 1996.

However, according to Appellant's birth date as shown on his fingerprint card, May 22, 1985, Appellant would have become ten years of age and subject to adjudication seven months and nine days before the effective date of Section 12.42(f). Therefore, the possibility exists that the conduct for which Appellant was adjudicated occurred during that period. In that event, his adjudication could not be used for enhancement.

In response to Appellant's first issue challenging the sufficiency of the evidence, the State argues that it is the jury's province to resolve conflicts in the evidence. Both birth dates were in evidence. The State contends the jury was free to choose the birth date, May 22, 1986, which eliminated any possibility that the conduct occurred before January 1, 1996.

However, the charge given by the trial judge foreclosed any consideration of the issue by the jury. The jury was left unaware that there was an issue to decide. Without instruction by the trial court, the jury could not have known that the decision as to the date of Appellant's conduct was a crucial question to be decided before they could find the enhancement to be true. Without the court's guidance, the jury could not possibly have understood that the date of Appellant's delinquent conduct was a fact of great consequence nor could they have appreciated the evidentiary significance of the conflicting dates of birth.

The trial court is required to deliver to the jury "a written charge distinctly setting forth the law applicable to the case." TEX. CODE CRIM. PROC. ANN. art. 36.14. The trial court erred in failing to instruct the jury that before it could find the enhancement allegation "true" as a final felony conviction, it must first find that Appellant was a child (as defined by Section 51.02(2) of

4

the family code) who engaged in the delinquent conduct for which he was adjudicated on or before January 1, 1996.

The State contends that by not bringing the conflict in the evidence to the court's attention, Appellant waived error. Although incorrect, Appellant's requested instruction was sufficient to direct the trial court's attention to the omission in the charge, and it correctly set forth the legal basis for his objection to the charge and for an instruction under Section 12.42(f) of the penal code. *See Mays v. State*, 318 S.W.3d 368, 384 (Tex. Crim. App. 2010).

"Some harm" is readily apparent. The jury found Appellant guilty of a third degree felony. Properly instructed with the language of Section 12.42(f) of the penal code and with the definition of a "child" in Section 51.02(2) of the family code, the jury could have returned a finding of "not true." In that case, the jury could have assessed no more than a ten year sentence, only half of the sentence Appellant received. Appellant's second issue is sustained.

It is unnecessary that we address Appellant's first issue because of our disposition of his second issue. *See* TEX. R. APP. P. 47.1.

### DISPOSITION

We reverse the trial court's judgment as to punishment, and remand the case for a new trial on punishment.

**BILL BASS**
Justice

Opinion delivered September 17, 2014.
*Panel consisted of Worthen, C.J., Hoyle, J., and Bass, Retired J., Twelfth Court of Appeals, sitting by assignment.*

(DO NOT PUBLISH)

5



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

SEPTEMBER 17, 2014

NO. 12-14-00019-CR

**WILLIE WOMACK,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 3rd District Court

of Anderson County, Texas (Tr.Ct.No. 30692)

THIS CAUSE came to be heard on the appellate record and the briefs filed herein, and the same being considered, because it is the opinion of this court that there was error in the judgment of the court below, it is ORDERED, ADJUDGED and DECREED by this court that the judgment be **reversed** and the cause **remanded** to the trial court **for a new trial on punishment**; and that this decision be certified to the court below for observance.

Bill Bass, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Bass, Retired J., Twelfth Court of Appeals, sitting by assignment.*